BRIDGET FAY v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

May 9, 1898.

Nos. 11,040—(167).

**Railway—Removal of Snow from Yards—Negligence—Reasonable Care.**

Reasonable care does not require railroad companies to remove all the snow from their yards, where cars are switched and trains made up. If they keep the surface of the snow practically level, and do not allow it to accumulate above the level of the rails, or in dangerous ridges or hummocks, or to form dangerous holes, they cannot be charged with negligence (at least, unless under very special and peculiar circumstances) for not removing the snow, or covering it with ashes or cinders.

**Same—Injury to Switchman—Assumption of Risk.**

Held, also, that in this case the deceased must, or, in the exercise of ordinary care, should, have known of the slippery condition of the surface of the snow, and the risks incident to such condition.

Action in the district court for Watonwan county by the administratrix of Owen F. Fay, deceased, to recover $5,000 by reason of the death of her intestate while employed by defendant. The facts are stated in the opinion. From an order, Severance, J., denying a new trial, plaintiff appealed. Affirmed.

*Seager & Lobben* and *W. S. Hammond*, for appellant.

*L. K. Luse, Lorin Cray* and *Thomas Wilson*, for respondent.

MITCHELL, J.

This was an action to recover damages for the death of plaintiff's intestate, caused by the alleged negligence of the defendant. When the plaintiff rested, the court, on motion of the defendant,

dismissed the case, on the ground that the plaintiff had failed to establish a cause of action. From an order denying a new trial, the plaintiff appealed.

There is no dispute as to the evidentiary facts. The deceased was a yard switchman in defendant's yard at St. James, and met his death about 9 p. m. on January 27, 1897, by being run over by the cars while attempting to cut off a car from a moving train which was being made up in the yard at that time. The claim of the plaintiff is that the accident resulted from deceased slipping on the snow or ice, and falling under the wheels of the moving cars.

Under the evidence, the only possible claim upon which any negligence of the defendant can be predicated is the slippery condition of the yard, by reason of the presence of snow and ice. The snow had not drifted or piled up; neither were there any artificial piles or banks. The natural fall of snow had been trodden down to about the level of, or a little below, the tops of the rails. There were no holes or hummocks, but its surface was substantially level throughout the yard, except that the snow had been removed just inside the rails, where the flanges of the wheels run. This rendered the surface of the snow between the rails of the several tracks somewhat higher in the center than at the rails, but this fact in no way conduced to the accident, for the reason that the deceased was at the time outside the rails, in one of the spaces between tracks.

While the occupation of switchmen in the railroad yard is a hazardous one, and railroad companies should exercise a degree of care commensurate with the risks, reasonable care does not require them to remove all the snow from their yards. In this climate it would be practically impossible to do so, and we apprehend that no company ever attempted it. So far as slipperiness is concerned, a partial removal of the snow would be useless, for the surface of snow half an inch deep would be just as slippery as if it was six inches deep. So long as it is not allowed to accumulate higher than the rails, and the surface is kept practically level, and the snow not permitted to accumulate in dangerous hummocks or ridges, or to contain dangerous holes, no negligence can be charged

72 M.—13

against the company, unless under very special and peculiar circumstances, because they have not removed the snow.

Counsel for the plaintiff does not really claim otherwise, but his contention is that a railroad company ought (at least, where the surface of the snow is very slippery) to place ashes or cinders upon it,—at any rate, that this is a question for the jury. Aside from other objections to adopting any such method, it is practically impossible, in view of the number and size of railroad yards, and the frequent falls of snow and changes of weather in our northern winters. We hardly think that any railroad company has ever attempted, or was ever expected, to do anything of this kind.

But, even if the negligence of the defendant would otherwise have been a question for the jury, the action was properly dismissed because it conclusively appears that the deceased must, or, in the exercise of reasonable care, should, have known the exact condition of the yard, and all the risks incident to such condition. He was an experienced railroad man. He had been in the employment of the defendant for quite a number of years as a brakeman on trains running in and out of this yard. He had been steadily employed in it as a yard switchman from the previous October up to the time of his death. During most of this period his work was in the daytime. During that winter the yard had been in substantially the same condition as when he was killed. He was therefore perfectly familiar with the situation. He must have known that the defendant had not been in the habit of removing the snow, or covering it with anything to obviate the slipperiness of its surface. He had been at work all the day previous to the one on which he was killed. The presence of the snow and the condition of its surface were perfectly obvious to the senses, and the danger or risk from slipping and falling must have been fully appreciated by any one of sufficient intelligence to understand the operation of the simplest laws of nature.

It appeared from the evidence that it had rained and sleeted on January 26th and thawed during the forenoon of the 27th, and then turned cold and froze in the afternoon of the latter day; and it is urged that, as he was not at work during that day, he did not know, or might not have known, of the increased slipperiness of the sur-

face of the snow, resulting from the changes of the weather. But he must have known of these changes, for he was at work in the yard all day on the 26th, in the sleet and rain; and, when he went out to work on the evening of the 27th, he must then, if not sooner, have discovered the change in the weather, and must have been perfectly aware of the effect of such a change according to the laws of nature.

It is unnecessary to consider the correctness of the action of the court, referred to in the first and second assignments of error, in excluding or admitting evidence, for the reason that, whether admitted or excluded, the evidence could not have changed the result.

Order affirmed.