HARRY RIFLEY v. MINNEAPOLIS & ST. LOUIS RAILROAD COM-
PANY.

June 7, 1898.

Nos. 11,137—(159).

**Railway—Injury to Switchman—Snow and Ice between Yard Tracks
—Negligence for the Jury.**
    Plaintiff, a switchman, while employed by defendant in its yards in
Minneapolis, slipped on a narrow ridge of ice between the rails of the
track, fell, was struck by a moving car, and was injured. The ridge of
ice was about two inches higher than the rails, was concealed by a cover-
ing of fresh snow, and had been in this condition about a week before
the injury. In an action to recover damages for the injury, *held*, it is a
question for the jury whether or not defendant was guilty of negligence
in failing to keep its yard in a reasonably safe condition.

**Same—Contributory Negligence for the Jury.**
    Whether plaintiff was guilty of contributory negligence in walking
along ahead of a slowly-moving car to adjust the coupling on the same,
so as to couple it to another car, *held* a question for the jury.

**Same—Walking Ahead of Moving Car—Evidence of Custom.**
    Evidence that it was, and long had been, customary for defendant's
brakemen and switchmen thus to walk ahead of the moving car when
adjusting the coupling, *held* competent.

Appeal by defendant from an order of the district court for Hen-
nepin county, Tarbox, J., denying a motion for a new trial, after
a verdict in favor of plaintiff for $2,000. Affirmed.

*Albert E. Clarke* and *Wilbur F. Booth,* for appellant.
The condition of the roadbed as it existed at the time of the ac-
cident was one of the risks of employment. Henkes v. City of Min-
neapolis, 42 Minn. 530; Wright v. City of St. Cloud, 54 Minn. 97;
Blais v. Minneapolis & St. L. Ry. Co., 34 Minn. 57; Stacey v. Winona
& St. P. R. Co., 42 Minn. 160; Dowell v. Burlington, 62 Iowa, 629;
Brown v. Chicago, 64 Iowa, 652; Piquegno v. Chicago, 52 Mich. 40.
Plaintiff had at least means of knowing the condition of the track
and the possibility of danger from the existence of ice underneath
the snow, and hence was not entitled to recover. 3 Woods, R. R.

§ 379; Texas v. Rogers, 57 Fed. 378. Plaintiff was guilty of negligence which contributed to the injury. Where there are two ways of doing a thing, one safe and the other dangerous, and a person voluntarily adopts the dangerous method, he cannot recover for any injury resulting from adopting the dangerous method. Chicago v. Rush, 84 Ill. 570; Chicago v. Bliss, 6 Ill. App. 411; Pierce, R. R. 377; Glover v. Scotten, 82 Mich. 369; Chicago v. Davis, 53 Fed. 61; Cunningham v. Chicago, M. & St. P. Ry. Co. (U. S. C. C.) 12 Am. & Eng. R. Cas. 217; Novock v. Michigan, 63 Mich. 121. The evidence of custom was inadmissible. Where the method of doing certain work is obviously dangerous, testimony that it is the customary method is never admissible. Thompson v. Boston, 153 Mass. 391; Andrews v. Birmingham, 99 Ala. 438; Benage v. Lake Shore, 102 Mich. 79; Loranger v. Lake Shore, 104 Mich. 80; Kroy v. Chicago, 32 Iowa, 357; Larson v. Ring, 43 Minn. 88.

*F. D. Larrabee*, for respondent.

CANTY, J.

Plaintiff was in the employ of defendant as a switchman, and was at work in its yards at Minneapolis. The switch engine was pushing several cars ahead of it on the lead track, for the purpose of coupling the car furthest ahead to another car standing on one of the connecting switch tracks. The train was not moving as fast as a man could walk, and plaintiff walked along on the track just in front of said moving car furthest ahead, for the purpose of adjusting the knuckle of the Janney coupler on the front end of that car, so that it could be coupled to said standing car; and while he was thus walking along, adjusting the coupler, he slipped on the track, fell, and his leg was cut off by the moving car. He brought this action to recover damages for the injury. On the trial, he recovered a verdict; and, from an order denying a new trial, defendant appeals.

1. The evidence introduced by plaintiff tends to prove that between the rails of the track on which he was walking there was a narrow ridge of ice, the top of which was about two inches higher than the top of the rails; that, before the ice had formed, the snow had been taken out next to each rail on the inside of the rail, leav-

ing the snow in the middle of the track, where it became wet, and was packed down into a narrow, smooth, high ridge, extending for some distance along the middle of the track; that this ridge became icy, and subsequently a fresh fall of snow covered it over, and presented a level surface, concealing the ice; that the place remained in this condition for about a week prior to the injury; and that plaintiff did not know that there was ice under the snow until he slipped and fell on the ridge of ice, and was injured.

We are of the opinion that, if the jury believed this evidence, they were warranted in finding that defendant was guilty of negligence in failing to keep the place in question a reasonably safe one for its employees to work in. The facts above recited tend much more strongly to prove negligence than did the facts in Fay v. Chicago, St. P., M. & O. Ry. Co., supra, page 192. It may be gathered from the evidence that the railroad yard in Minneapolis, where the injury occurred, is a much more busy place than the yard at St. James, where Fay was killed. More care should be used to keep in safe condition a yard in which a great amount of traffic is handled than a yard in which a small amount of traffic is handled. Besides, the place where Fay fell was covered with level snow, with no concealed ridge of ice under it.

2. We are of the opinion that it was a question for the jury whether or not plaintiff was guilty of contributory negligence in walking ahead of the car, and attempting to adjust the coupling while the car was in motion. See Lawson v. Truesdale, 60 Minn. 410, 62 N. W. 546. The evidence tended strongly to prove that it was, and for a long time had been, customary for defendant's employees to walk ahead of the moving cars while adjusting the coupling on the same. The prompt dispatch of business requires railroad brakemen and switchmen to take many risks which the law would declare reckless if taken in some other class of business. Of course, there are risks which even a brakeman or switchman cannot take and be allowed to recover, even if it is customary to take them. But this injury occurred in the daytime. The track appeared to be smooth and safe, and the train was not moving as fast as a man could walk. Under the circumstances, we cannot say,

as a question of law, that plaintiff was guilty of contributory negligence.

3. The evidence of custom was competent.

This disposes of all the questions argued having any merit, and the order appealed from is affirmed.