CLARK et al. v. HOWARD.

(Circuit Court of Appeals, Eighth Circuit. June 20, 1898.)

No. 1023.

Negligence—Defective Railway Platform.

One traversing a railway platform merely to deliver an article sold by him to persons on a train is entitled to no higher degree of care on the part of the railroad company with respect to keeping its platform in good condition than is due from a municipality to the public in respect to its streets, and hence it is not liable for injury resulting from mere slipperiness due to sleet and snow recently fallen.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action at law by William H. Howard against S. H. H. Clark, Oliver W. Mink, E. Ellery Anderson, J. W. Doane, and F. R. Coudert, as receivers of the Union Pacific Railway Company, to recover damages for personal injuries. In the circuit court a verdict was returned for plaintiff, and judgment entered accordingly, and the defendants sued out this writ of error.

A. L. Williams (N. H. Loomis and R. W. Blair, on brief), for plaintiffs in error.

Thomas P. Fenlon, Jr. (Thomas P. Fenlon, Sr., on brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

THAYER, Circuit Judge. This case grows out of an injury which William H. Howard, the plaintiff below, the defendant in error here, sustained by slipping and falling on the platform of a railroad station at Tonganoxie, Kan., which belonged to the Union Pacific Railway Company. The sole question for consideration is whether the defendants below, who are the plaintiffs in error here, were entitled, at the close of the evidence, to a peremptory instruction directing a verdict in their favor. This question must be decided in the light of the following facts, which are practically undisputed: The station house where the accident occurred fronts about east, and was provided with a wooden platform on the east side and at the north end thereof, which was constructed in the usual manner, of planks laid crosswise, and at the time of the accident was in a good state of repair. The platform on the east side of the station house ran parallel with the railroad tracks, and was the one used by passengers when entering or leaving a train. The platform at the north end of the station ran at right angles to the railroad track, and was about 8 feet wide and altogether about 38 feet in length. The ground on the west or rear side of the station was somewhat higher than the railroad tracks, and for that reason the north platform, for a distance of about 15 feet from the point of junction with the east or front platform, was laid on an incline, the descent being not over 1¾ inches to the foot. Persons who desired to go upon the front platform from the west or rear side of the station were in the habit of walking along the platform at the north end of the station, or through the station house, by means of a door on the west side thereof, as happened to be most convenient. The injury complained of was sustained in mid-winter, on January 23, 1896. During the afternoon and evening of the preceding day rain and sleet had fallen. Later in the night it had turned cold and frozen, and some snow had also fallen, the result being that on the morning of January 23d the platform of the station, and the sidewalks and streets of the town where the station was located, were covered with a coating of ice, which was overlaid in most places with a few inches of wet snow that had fallen thereon and frozen. The plaintiff, who was a butcher by trade, was well aware of the slippery condition of the streets and sidewalks at and before the hour when the accident occurred. He testified, in substance, that in the morning of that day he had put on rubbers "because it was snowy and slippery," and that he wore them during the forenoon whenever he found it necessary to go out of his shop upon the streets. Between 12 and 1 o'clock p. m. he had occasion to go to the depot to deliver 33 pounds of meat to a theatrical troupe, who occupied a car that was standing on a side track in front of the station. His route from his shop to this car led him down the street, and along the platform

at the north end of the depot building, and thence across the main track to the side track, but he might as well have gone through the station, or obliquely across the right of way, a little to the north of the north platform. While walking down the slope on the north platform he slipped and fell, and broke his right leg, which is the injury complained of.

There was some conflict of evidence at the trial respecting the question whether any of the snow which had fallen on the north platform during the previous night had been removed before the accident happened, but, according to the view that we have felt ourselves compelled to take of the case, that issue is now immaterial. The plaintiff was well aware that ice had formed on the surface of the platform and sidewalks during the previous night, and that it had been covered with a mantle of snow, and that the sidewalks of the town were slippery, and that care must be exercised in walking over any plank or stone sidewalk, to which the ice had presumptively adhered. Moreover, the condition in which the platform at the north end of the station was in when the plaintiff attempted to walk over it was obvious to the most casual observer, and he could not have been ignorant, and confessedly was not ignorant, of its condition. It was manifest to him, as it must have been to every one who saw it, that it was covered to some extent with snow or sleet, and that, in view of the character of the weather, the presence of snow or sleet would render the platform slippery.

Inasmuch as the plaintiff went to the depot, on the occasion of the accident, not as a passenger intending to board one of the defendants' trains, nor for the purpose of transacting any business with the defendants, but for his individual benefit and advantage, he was using the north platform of the station on that occasion as an ordinary public sidewalk, and for that reason we are of opinion that the defendants owed him no higher duty with respect to keeping it in order than a municipality owes to its citizens and to the public generally with respect to the care of its sidewalks. We know of no reason why the defendants on the occasion in question should be charged with a greater obligation to the plaintiff, or be held to the exercise of a higher degree of care, than the town of Tonganoxie was required to exercise in keeping its sidewalks in a proper condition for travel. It may be conceded, for present purposes, that it was the duty of said town to exercise ordinary care in seeing that its sidewalks were maintained in an ordinarily safe condition for use by pedestrians, and that a similar obligation rested on the defendants with respect to the north platform of their depot; but wherever, by the local law, a duty such as is last mentioned is imposed on municipalities, it is generally held that mere slipperiness, occasioned by snow or ice, which is due altogether to the action of the elements, is not such a defect in a sidewalk or street as will render the municipality liable therefor. Neither is proof that on a certain occasion a sidewalk was thus made slippery by the action of the elements any evidence of negligence or of a want of ordinary care.

A different rule obtains when the surface of a street is allowed to become rough and uneven by the formation of ridges of ice or snow,

or by the formation of gullies therein, which are of such a nature as to obstruct travel or render it unsafe and dangerous. A municipality which is charged with the duty of keeping its streets in a passable condition may well be required to see to it that the risks incident to passing over a slippery street or sidewalk are not increased by such obstructions as ruts or ridges, but it cannot be expected to remove all snow and ice from its sidewalks, or to guard against mere slipperiness which is due altogether to the action of the elements. Smyth v. Bangor, 72 Me. 249; Stanton v. City of Springfield, 12 Allen, 566; Nason v. City of Boston, 14 Allen, 508; Luther v. City of Worcester, 97 Mass. 268, 271; Gilbert v. City of Roxbury, 100 Mass. 185; Cook v. City of Milwaukee, 24 Wis. 270, 274; City of Chicago v. McGiven, 78 Ill. 347, 352; Todd v. City of Troy, 61 N. Y. 507; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43; Blakeley v. City of Troy, 18 Hun, 167; Darling v. Mayor, etc., Id. 340; Caswell v. Road Co., 28 U. C. Q. B. 247; Shear. & R. Neg. § 363.

In the case at bar the evidence shows no other defect in the platform where the injury was sustained than that it had been rendered slippery by sleet which had fallen and frozen only a few hours before the accident occurred. The platform does not appear to have been rough, but a coating of ice or sleet had formed quite evenly over its surface. The ice or sleet may have been covered with a few inches .of loose snow, but, if such was the case, the plaintiff was well aware of the fact, and ventured upon the platform when he was incumbered with a heavy burden. If he had slipped and fallen on one of the public sidewalks of the town of Tonganoxie under such circumstances, we think that the case would not have disclosed any evidence of culpable negligence on the part of the municipality, and for like reasons we are of opinion that it fails to disclose any evidence of negligence on the part of the defendants which would warrant a recovery.

In conclusion, it should be observed that, at the plaintiff's instance and request, the trial court gave the following instruction:

"But if the plaintiff was aware of the slippery and dangerous condition of the platform, and chose to go across it instead of going around it, he took the risk on himself, and cannot recover, although the defendants were guilty of negligence in failing to properly clean it or put it in a safe condition."

Assuming this to be a correct declaration of law applicable to the facts of the case, of which the plaintiff cannot complain, we think that the trial court should have directed a verdict for the defendants, since it appears from the plaintiff's own admissions that he was aware of the slippery condition of the platform, and chose to walk across it or along it with a burden which incumbered his movements, and rendered him more liable to slip and fall, when, without any apparent inconvenience, he might have avoided the platform altogether, either by going through the station or across the right of way to the north of the platform. For error in refusing to direct a verdict for the defendants, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.