WILLIAM HARDING v. RAILWAY TRANSFER COMPANY OF
MINNEAPOLIS.[1]

July 19, 1900.

Nos. 12,189—(225).

Injury to Servant upon Mill Track.

The defendant operated a spur track leading to a certain mill, for the purpose of switching cars to and from the mill. There were steps leading from the platform of the mill to a point near the track. The track and steps were owned and controlled by the mill company. It was the duty of the plaintiff, as defendant's foreman, to superintend the placing of the cars at the mill, and, in order to do so, it was necessary for him to stand on the steps; and such was the custom of himself and other employees of the defendant. Ice formed and was allowed to remain on the steps, whereby the plaintiff was thrown down and injured while in the discharge of his duty. *Held*:

Duty of Master—Ice on Steps Owned by Another.

1. That the track and steps were a part of the instrumentalities of the defendant's business, and between it and its employees, who were required to use them in its business, the latter had the right to treat them as belonging to it, and it was bound to use due care to keep the track and steps in a safe condition, without reference to the question of their actual ownership and the primary right to control them.

Negligence—Assumption of Risk—Verdict.

2. That the verdict and special findings of the jury in favor of the plaintiff as to the negligence of the respective parties, and the assumption of the risk of the particular accident by the plaintiff, are sustained by the evidence.

Action in the district court for Hennepin county to recover $20,-100 damages for personal injuries. The case was tried before McGee, J., and a jury, which rendered a verdict in favor of plaintiff. Defendant made a motion for judgment in its favor notwithstanding the verdict or for a new trial. The court made an order denying the motion for judgment, but granting a new trial unless plaintiff consent to a reduction of the verdict. Plaintiff consented to the reduction, and defendant appealed from the order. Affirmed.

[1] Reported in 83 N. W. 395.

*Albert E. Clarke,* for appellant.

*T. A. Garrity* and *John W. Arctander,* for respondent.

START, C. J.

The defendant is a transfer company engaged in the business of switching cars between certain mills in the city of Minneapolis and the railroads engaged in traffic to and from the city. It owns no cars, but furnishes the motive power and crews necessary for handling the cars. Nor does it own any tracks, but operates over tracks owned by others. Among the tracks so operated by the defendant was a spur track which runs by the side of the flour mill known as the "Washburn A Mill." From the platform of this mill, leading down near the track, was a stairway, the steps of which (four in all) were eight inches wide and five feet in length. There was a stone arch over the track at the end of the stairway, next to the mill, through which the cars passed when being placed in position alongside the mill. The track and stairway were owned and controlled by the mill company, but the track was operated by the defendant for the purpose of so transferring cars to and from the mill for the mill company.

The plaintiff in this case was the foreman of a crew of men employed by the defendant for so switching the cars. As such foreman it was the duty of the plaintiff to superintend the placing of the cars in the proper position at the mill for loading; and, in order to do so, it was necessary for him to be in a position where he could give signals to, and receive them from, other members of the crew. On the night of March 31, 1899, for the purpose, as he claims, of being in a position to discharge such duty, it was necessary for him to go upon the steps of the stairway; and as he did so he slipped and fell therefrom, solely because of the fact that the steps, by reason of the defendant's negligence, were covered with ice and were in a dangerous condition. He fell between one of the cars and the arch, and was injured, and brought this action to recover damages for his injuries. The jury returned a verdict for him, assessing his damages in the sum of $1,500. The defendant made an alternative motion for judgment or a new trial. The trial court made its order denying the motion for judgment, but granting a new trial unless

the plaintiff consented to a reduction of the verdict to $900. The defendant appealed from the order.

1. The first contention of the defendant to be considered is that it was not responsible to the plaintiff for the condition of the steps, because it did not own or control them.

This question must be examined in connection with the special findings of the jury as to the relation of the steps to the track in the work of placing the cars at the mill. They were to the effect that it was necessary for the plaintiff to stand upon the steps at the time of the accident, in order to discharge his duties, and that the defendant, in the exercise of ordinary care, ought to have discovered the icy condition of the steps. Assuming that these findings are supported by the evidence, it follows that the stairway was necessarily used, in connection with the track, as a part of the instrumentalities of the defendant's business of putting in and taking out cars for the mill company. It is conceded, as it must be, that the defendant was bound to exercise due care, as between it and its servants, to keep the track in a safe condition for their use in doing the work, without reference to the question as to the actual ownership of the track or the primary right to control it, because without the track the work could not be done. But the jury found that the use of the steps was also a necessity to the doing of the work required of the plaintiff by the defendant; hence, as between themselves, it owed to him the duty of exercising ordinary care to keep both the track and the steps in a safe condition. As between itself and its employees, who were required to use the track and appliances in its business, the employees had the right to treat them as belonging to it, and it was bound to use due care to keep them in a safe condition. Stetler v. Chicago, 46 Wis. 497, 1 N. W. 112.

It is no answer to this proposition to say that the defendant did not control the track and steps; for, if its right to use them in the work of putting in and taking out cars for the mill company did not carry with it the implied right to keep the premises safe for its employees, it was bound to see that the mill company did so, or decline to use them. It is neither common sense nor common justice to permit the master to furnish his servant with an unsafe

place in which to work, whereby he is injured, and then absolve the master from liability because the primary right to control the premises was in another. It therefore cannot be law.

2. The defendant further claims that it did not know that the steps were used by its employees, but there was evidence tending to show that it was the custom for the employees to do so, and that it was necessary for the plaintiff to use them in order to do the duty assigned to him. The defendant also claims that the defendant had no knowledge of the icy condition of the steps. There was, however, evidence tending to show that, in the exercise of ordinary care, it ought to have known such fact. Our conclusion, based upon the entire record, is that the verdict and special findings of the jury to the effect that it was the custom so to use the steps, that the defendant knew, or ought, by the exercise of ordinary care in the conduct and supervision of its business, to have known, of such use, the necessity therefor, and of the icy and unsafe condition of the steps, for a sufficient length of time before the plaintiff was injured to have removed the defect, are sustained by the evidence. The evidence upon some of these questions is not entirely satisfactory to us, but each of them was a question of fact for the jury, and their findings thereon ought not to be disturbed by an appellate court.

3. Again, it is urged that the plaintiff assumed the risk of the accident resulting in his injury.

When he entered the service of the defendant he signed a special contract as to the risks of the work for which he was employed. Counsel for the defendant in his brief claimed that the plaintiff by this contract assumed this particular risk, but on the oral argument he frankly admitted that the accident was not within the terms of the contract. Therefore it is not necessary to decide as to its validity. It is, however, insisted that the accident was one of the risks assumed by his general contract of employment. It is true that the natural and necessary hazards of his employment by reason of snow and ice were assumed by him, but there was evidence tending to show that the icy condition of the steps was not one of the natural and necessary risks of the business, in that it was formed by the

melting of the snow on the roof, and the water running down upon the steps and freezing in ridges, where it remained some three days before the accident. The plaintiff, in answer to questions on his cross-examination, stated that he had just as good an opportunity as anybody to know whether there was ice on the steps. It is apparent, however, that he either did not understand the full scope of the questions, or that he was mistaken in his conclusion. There was no evidence tending to show that he had or should have had knowledge that the water from the melting snow on the roof would fall upon the steps. He worked nights only, and testified that he had not been on the steps for some four nights before the accident. The question whether he assumed this particular risk, and whether he himself was guilty of negligence, was, upon the whole evidence, a question of fact for the jury, and the finding of the jury thereon is sustained by the evidence.

Order affirmed.