GEORGE E. DE MARIES v. WESLEY J. JAMESON and Others.[1]

July 13, 1906.

Nos. 14,713—(108).

**Master and Servant—Delivery of Goods.**

Action to recover for injuries sustained by the plaintiff, while in the employ of the defendants as a teamster, by the breaking of a guide rope, which was a part of a block and tackle, which he was using by direction of the defendants, in unloading hay at the barn of a customer. *Held*, where a party directs, without further instructions, his employee to deliver goods upon the premises of another, he is not responsible for the safety of the premises or appliances of his customer.

**Use of Appliances—Test of Master's Liability.**

Ownership or control of an appliance by the master is not, in all cases, the test of his liability for injury resulting to his servant by its use. As between them, all appliances, owned or in possession of another, of such a character and use as to impose the duty of inspection, which the master directs or authorizes his servant to use in the business of the master, stand upon the same footing as those actually belonging to him.

**Failure to Inspect.**

If the master is not in a position to safeguard his servants by an inspection of such appliances, he must refrain from giving his servants orders to use them whereby their safety will be imperiled.

**Negligence—Damages.**

The evidence sustains the verdict to the effect that the defendant was guilty of negligence, and that the plaintiff did not assume the risks nor was he guilty of contributory negligence. The damages awarded are not excessive.

Action in the district court for Ramsey county to recover $10,000 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Davis, Kellogg & Severance, Robert E. Olds,* and *R. L. Kennedy,* for appellants.

*Thos. J. McDermott* and *Gideon S. Ives,* for respondent.

[1] Reported in 108 N. W. 830.

START, C. J.

The plaintiff, while in the employ of the defendants as a teamster, was injured by the breaking of a guide rope, which was a part of a block and tackle which he was using, by direction of the defendants, in unloading baled hay at the barn of a customer. This action is to recover damages for the injuries which he thereby sustained on the ground of the alleged negligence of the defendants in furnishing him an appliance which was not reasonably safe. The defendants denied any negligence on their part. The plaintiff had a verdict for $1,500. The defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. They claim (1) that they were not, upon the evidence, responsible in law for the condition of the appliance the defects in which caused the injury; (2) that the plaintiff assumed the risk of being injured in the manner he was injured; (3) that he was chargeable with negligence contributing to his injury; (4) that the damages awarded were excessive.

1. The evidence showed that the block and tackle was an appliance belonging to a customer of the defendants and used in his barn, known as the Lexington Stables, and that plaintiff was there injured while using the appliance in hoisting bales of hay from his wagon into the loft of the barn. The trial judge instructed the jury to the effect that the mere fact that the plaintiff was ordered to deliver hay at the Lexington Stables and that he made use of the block and tackle and was injured, would not justify a verdict against the defendants. But if they found from the evidence that the defendants, by their foreman, in the course of his duty, directed the plaintiff to deliver the load of hay at the Lexington Stables, and also directed him there to make use of the block and tackle in delivering the hay the defendants were required to use ordinary care, by inspection or otherwise, to see that the appliance, including the rope, was in such reasonably safe condition of repair as to be safely used. No exceptions were taken to this instruction on the trial or on the motion for a new trial, and no errors in the charge are here assigned.

The instruction was a correct statement of the law. Where a party directs, without further instruction, his employee to deliver goods upon the premises of another, he is not responsible for the

safety of the premises or appliances of his customers. Such cases are within the general rule that a master is not liable to his employee who is injured by using appliances which the master neither owns nor controls. The ownership or control of an appliance by the master is not, however, in all cases, the test of his liability for injury resulting to his employee by its use. As between the servant and master all appliances, owned or in possession of another, of such a character and use as to impose the duty of inspection, which the master directs or authorizes his servant to use in the business of the master stand upon the same footing as those that actually belong to him. If the master is not in a position to safeguard his servants by an inspection of such appliances, he must refrain from giving them orders to use them, whereby their safety will be imperiled. 1 Labatt, M. & S. § 171.

The evidence was conflicting, but there was evidence, taking the most favorable view of it for the plaintiff, tending to show that the defendants had been accustomed, for a number of years, to deliver large quantities of hay at the barn in question, and that the appliance which was attached thereto was used there in unloading the hay; that the plaintiff was thirty years of age, and his usual employment that of a cook; that, while he was in the service of the defendants, his duties were to deliver merchandise; that, on the day he was injured, he was directed by the defendants' foreman to deliver a load of baled hay, consisting of some seventy five bales, each of an average weight of ninety pounds, at the Lexington Stables, and further that a block and tackle was there which he should use in unloading the hay; that the bales had to be hoisted to a door in the barn twenty or twenty five feet above the ground; that the appliance, if not essentially necessary for the doing of the work, was a time and labor saving device, the use of which would greatly facilitate the defendants' business; that another employee of the defendants was sent with the plaintiff, to deliver the hay, who got out the tackle and adjusted it; that the plaintiff stood upon his load and held the guide rope, which was a part of the appliance, and used it to guide the bales to the door and to keep them from the side of the barn, and that, while so engaged, the rope broke, throwing him from the load to the frozen ground, whereby his shoulder blade was broken and he was otherwise injured; that the rope broke

because it was in a defective and rotten condition; that the plaintiff did not examine the rope before using it; and further, that the rope had been in use four or five years, and "a man knowing his business," could have discovered its condition by examining it before the accident.

The evidence is sufficient to bring the case within the rule we have stated, and to justify the jury in finding that the defendants did direct the plaintiff to use the appliance, and that its character and use were such that the defendants were bound, either to exercise due care to ascertain whether it was reasonably safe, or refrain from directing or authorizing its use by the plaintiff. We accordingly hold that the evidence was sufficient to sustain the finding of the jury as to the defendants' negligence in the premises.

2. The evidence does not show, as a matter of law, that the plaintiff assumed the risks incident to the use of the appliance, for it was not of such simple construction and operation, or its defects so obvious, as to bring the case within the doctrine of Soutar v. Minneapolis Int. Ele., 68 Minn. 18, 70 N. W. 796; Gittens v. William Porten Co., 90 Minn. 512, 97 N. W. 378; Dessecker v. Phœnix Mills Co., supra, page 439, 108 N. W. 516, and other cases cited and relied upon by the defendants. Nor does the record show that the plaintiff, as a matter of law, was guilty of contributory negligence. Having been directed by the defendants to use the appliance, his failure to inspect it before using it was not, under the circumstances disclosed by the evidence, negligence as a matter of law.

3. The damages awarded were liberal, but not so obviously excessive as to justify any interference with the verdict by this court.

Order affirmed.