## NATIONAL BISCUIT COMPANY *v.* WILSON.

[No. 7,730.    Filed November 21, 1912.    Rehearing denied January 23, 1913.    Transfer denied March 6, 1913.]

1. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Proof.* —To entitle a servant to judgment in an action against the master for personal injuries, the complaint must allege, and he must prove, some act of negligence by defendant which resulted in the injury.   p. 631.

2. APPEAL. — *Review. — Answers to Interrogatories. — Motion for Judgment.—Evidence Not in Record.*—Where the evidence is not in the record on appeal, the court will not reverse the trial court for overruling a motion for judgment on the answers to interrogatories notwithstanding the general verdict, unless the conflict between such answers and the general verdict is such that it could not be removed by any evidence legitimately admissible under the issues, and will presume that such evidence was before the jury.   p. 633.

3. MASTER AND SERVANT.—*Injury to Servant.—Elevator Accident. —Elevator Not in Control of Master.—Liability.*—Where a servant is employed to hoist flour by an elevator to the upper story of a building leased in part by his employer, and is injured by reason of defects in such elevator, even though the employer under his lease has no control over the elevator, the rule that the master is bound to furnish a reasonably safe place for the servant to work, and reasonably safe appliances and machinery, applies, and such employer is liable, if, by the exercise of ordinary care the elevator would have been known to be dangerous.   p. 633.

4. TRIAL.—*Answers to Interrogatories.—Conclusions of Law.*—Interrogatories to the jury asking whether defendant had a right to alter and repair the elevator on which plaintiff was injured, or to inspect it, were improper and the answers involved conclusions of law.   p. 638.

From Marion Circuit Court (12,099); *Charles Remster,* Judge.

Action by Melvin L. Wilson against the National Biscuit Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Bailey & Young* and *Wymond J. Beckett,* for appellee.

IBACH, J.—This was an action for damages on account of personal injuries alleged to have been caused by the negligence of appellant. The case was tried and appealed once before. *National Biscuit Co.* v. *Wilson* (1907), 169 Ind. 442, 82 N. E. 916. The issues in the present trial were formed by an amended complaint in two paragraphs and an answer in general denial, the cause was tried by a jury, and a verdict for $1,500 returned for the plaintiff, and in connection with the verdict sixty-three interrogatories were answered. The defendant moved for judgment in its favor on the interrogatories and answers thereto, but the court entered judgment on the general verdict. The error relied on for reversal is in overruling the motion for judgment in favor of defendant on the interrogatories and answers.

To entitle plaintiff to judgment in the present case, he must charge in his complaint some act of negligence on the part of defendant that resulted in injury to him, and

1. must prove that act of negligence. Therefore in considering the error assigned, we must consider the charge of negligence in the complaint, and we deem it sufficient for the purposes of this opinion to set out the charge of the third paragraph of complaint, the substance of which is that the defendant owned, operated and managed an elevator and hoist in said building, which was wholly under the control and inspection and supervision of the defendant. Then follows a description of certain alleged defects in the elevator, and the charge, "that defendant was negligently using said elevator and said gear in said weakened and worn condition. That said worn condition of said gear wheel and said cogs was well known to the defendant, National Biscuit Company, and that said elevator with said gear wheel and cogs in said condition was dangerous, was also well known to said defendant the National Biscuit Company, in ample time to have repaired said gear wheel or to have replaced the same with a new wheel long before the happening of the accident." It is further charged that the

elevator fell and caused the injury "by reason of the defendant's negligence in using said elevator with said cogs and said gear wheel in said weakened and defective condition as aforesaid, and failing to properly inspect said cogs and gear wheel and in failing to repair or replace the same." The gist of the charge is that defendant was negligent in using the elevator with weakened and defective cogwheels, and in failing to repair the same. Appellant contends that the answers to interrogatories show that it was under no duty to repair the elevator.

From the answers to interrogatories, which tend to sustain the general verdict, it appears that plaintiff was injured while employed by defendant on October 16, 1900; that he was engaged in hoisting sacks of flour from the first floor of a building, a part of which was occupied by defendant as tenant, to an upper story thereof, by means of a freight elevator which was operated by a man riding on it with a load. This elevator was built for a freight elevator and used as such, and persons doing business in the building and employes of different occupants thereof sometimes rode on it to get from one floor to another. Plaintiff was injured by said elevator falling while he was upon it as operator, and while he was hoisting a load of flour by means of it. It was in plaintiff's power to start and stop the elevator at his pleasure, and the elevator was caused to break at the particular moment when it did break by a weak point in the gear wheel.

Appellant contends that the following facts, appearing from answers to interrogatories, are in conflict with the general verdict. The building and elevator were owned by the Hitz Baking Company, which carried an insurance policy insuring against accidents by reason of said elevator, and had an elevator inspector in its employ who inspected it from time to time to discover defects. The Hitz Baking Company carried on business in parts of the same building where the elevator was used, and used it in its business.

One of the upper floors of the building was occupied by a cold storage company, which used the elevator to reach its rooms and carry articles to and from them. The Hitz Baking Company employed engineers to take care of the boilers and other machinery in the basement of the building, and employed Jesse Hitz to take charge of the elevator, and Jesse Hitz was in a better position to know of certain dangers arising from the operation of the elevator than was plaintiff. The engineers of the baking company also gave some attention to the elevator, and the Hitz Baking Company paid for such repairs as were made on the elevator from time to time. Interrogatories Nos. 59, 60, and 61, and the answers thereto follow in full. "59. Did the National Biscuit Company have the right to make any alterations or repairs on the elevator? No. 60. Did the National Biscuit Company have any right to take the elevator to pieces and inspect it? No. 61. Did the Hitz Baking Company undertake to furnish elevator service to its tenant the National Biscuit Company. Yes."

Where, as in the present case, the evidence is not brought before this court, in reviewing a motion for judgment on answers to interrogatories, notwithstanding the gen-

2. eral verdict, the court will not reverse the lower court's decision unless such answers are in such irreconcilable conflict with the general verdict that the conflict could not be removed by any evidence legitimately admissible under the issues, for in the absence of the evidence the court will treat the case as if such evidence had been before the jury. *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 949.

Appellant's contention is that these answers to interrogatories show that the facts make a case wherein the effort is to hold a defendant liable for the condition

3. of premises in no way under its control, and that the present case falls within the rule that a tenant who merely rents rooms in a building and does not rent the ele-

vator is under no obligation to keep it in repair, and that the duty to inspect and repair the elevator in this case rested on the lessor, namely the Hitz Baking Company, for whose acts this defendant was not responsible. Appellee urges that where a master knows of a defective and dangerous condition in the machinery with which his servant is required to work, he is liable for any injury to the servant by reason thereof, without any regard to the question whether he is lessor or lessee, or without any regard to whose duty it was to repair as between lessor and lessee; that it was the duty therefore of appellant to inspect the elevator, and whether it did this itself or through the agency of the Hitz Baking Company made no difference, for if done by the Hitz Baking Company, this company was, as between appellant and appellee, the agent adopted by appellant for that purpose; that appellant could not delegate the duty while acting as master to keep the elevator, the safety device and the hoisting machinery, on and with which plaintiff was required to work, in a reasonably safe condition for him to work upon, and that where a master either uses, occupies or controls the premises where his servant is placed at work, it becomes his duty to make the place reasonably safe for such servant. The case of *Channon* v. *Sanford Co.* (1898), 70 Conn. 573, 40 Atl. 462, 41 L. R. A. 200, 66 Am. St. 133, is authority for the statement that it is the duty of the master to use reasonable care to make the place reasonably safe where his servant works, if the master uses, occupies or controls the premises.

The case of *De Maries* v. *Jameson* (1906), 98 Minn. 453, 108 N. W. 830, was an action to recover for injuries sustained by the plaintiff while in the employ of the defendants as a teamster, by the breaking of a guide rope, which was a part of a block and tackle he was using by direction of the defendants in unloading hay at the barn of a customer. The court said: "Where a party directs, without further instruction, his employe to deliver goods upon the premises

of another, he is not responsible for the safety of the premises or appliances of his customers. Such cases are within the general rule that a master is not liable to his employe who is injured by using appliances which the master neither owns nor controls. The ownership or control of an appliance by the master is not, however, in all cases, the test of his liability for injury resulting to his employe by its use. As between the servant and master all appliances, owned or in possession of another, of such a character and use as to impose the duty of inspection, which the master directs or authorizes his servant to use in the business of the master stand upon the same footing as those that actually belong to him. If the master is not in a position to safeguard his servants by an inspection of such appliances, he must refrain from giving them orders to use them, whereby their safety will be imperiled. 1 Labatt, Master and Servant, §171." Similar reasoning is followed in the case of *Harding* v. *Railway Transfer Co.* (1900), 80 Minn. 504, 83 N. W. 395.

The reported case most similar to the present which we have been able to find is that of *Frolich* v. *Cranker* (1901), 21 Ohio C. C. 615, 618. There the defendant rented the third floor of a building, the landlord occupying and using the basement. By the lease contract the defendant had access to and used, along with the building, a freight elevator for his own purposes and those of his employes, and for the purpose of taking foods up to the third floor. The elevator was operated by means of an engine which was situated in the basement, it being propelled by water, and the machinery and that particular portion of the cable which broke were in the basement, that part of the building which was retained by the landlord and not leased to the tenant. The plaintiff, a drayman for the defendant, brought to the building a load of glass for the defendant, and put it into the elevator for the purpose of taking it to the third floor, he and another employe, who was assisting him, riding on

the elevator, the other employe operating the elevator, and the plaintiff was injured by the fall of the elevator caused by the cable breaking in the basement. We quote from the opinion: "The chief complaint of the plaintiff in error is, that under the undisputed facts in the case, the defendant below was not liable to Cranker as his employer, for the reason, that under the contract of lease by which he had possession of the third floor, he, Frolich, had no control over the elevator or machinery, that the elevator and machinery were operated by Smith & Co., and that the engine was in that part of the building over which Frolich had no control. * * * It is urged by the plaintiff in error in this case, that Frolich was not in possession of this elevator or of this machinery; that he had no control over it, and that therefore he is not liable if there was any defect in the cable. * * * We think that under the testimony in the record the jury were warranted in finding that Frolich, either by himself or his manager, Blair, authorized and permitted the use of this elevator by the men when conveying goods from the bottom to the third floor, * * * and that his manager, Blair, directed the men to use and operate it in performing these duties; and it may be presumed that they did so find. * * * This duty [to furnish reasonably safe machinery and a reasonably safe place to work] being imposed upon Frolich, were the jury warranted in finding that he failed in the performance of it? Mr. Frolich admits that he did not examine or inspect this cable. His defense here rests upon the ground that the elevator was not in his possession or under his control. It seems to us that an employer cannot avoid the duty of furnishing a safe place and safe machinery to his employes by permitting or requiring them to use machinery or appliance that are or may be to some extent in the possession of or under the control of others. The employe may have no knowledge of the contractual relations that exist between the employer and the persons from whom he leases the premises. In

this case all that Cranker knew was that his employer was using the third floor; that he had the use of this elevator; that he was using it, and that Cranker, according to his testimony, was required to use it in the performance of his duty in conveying goods to the third floor and was ordered by Blair, the foreman, to ride on the elevator when performing this duty, and Mr. Frolich could not avoid this duty and responsibility by the claim that he did not lease the elevator; he could not close his eyes to the condition of the elevator or refuse to inspect it, or neglect to inspect it, or to make any examination of it, for the reason that he only leased the third floor and simply had the use of the elevator. It was his duty, before requiring or permitting the men to use this elevator, to inspect and examine the machinery, to ascertain by a personal examination, or through agents, what the condition of the machinery was, and if he either knew, or by the exercise of ordinary care might have known, of the defective condition of the elevator, he would be liable for injuries resulting therefrom.''

The reasoning of the court in the case just quoted from seems to us almost entirely applicable to the present case. Appellant has cited cases to the effect that where a portion of a building is leased to a tenant, and an elevator is used merely as a means of access thereto, and is under the control of the landlord, the landlord is liable for injuries to persons riding·on the elevator. But this is not a case where the elevator was used merely as a means of access to the premises of appellant. Here appellee, an employe of appellant, was employed by appellant to hoist flour to the upper story of a building by means of the elevator, and the circumstances bring the case clearly within the rule that the master is bound to furnish reasonably safe appliances and machinery with which his servant is to work, and a reasonably safe place in which to work. It makes no difference that appellant was not the owner of the elevator, nor even whether or not it had absolutely leased the elevator. It ap-

pears from the answers that appellant had sufficient control over the elevator that it could direct appellee to use it and operate it as a machine with which to work, and such being the case, it owed to him the master's duty of inspection.

4. As to interrogatories Nos. 59 and 60, we believe the answers involve conclusions of law, and that such interrogatories were not proper. But granting that appellant had no right in itself to inspect the elevator, still the facts fall within the rule announced by *Frolich* v. *Cranker, supra,* and it could not escape its master's liability to the employe for setting him to work with and on a dangerous machine, which in the exercise of ordinary care would have been known to be dangerous, simply because under the contract, license or other arrangement by which it was enabled to use the machine, it had not the right personally to inspect. Suppose, for example, that appellant had no right whatever to direct appellee to hoist the flour by means of the elevator, but was a trespasser when it directed him to use it. In such a case we must admit that it would have no right to inspect, or even to use, but having taken control of the elevator, and made it its machine, so far as appellee was concerned, and set him to operate it, it must furnish him a machine as reasonably safe as if it was the absolute owner. As between appellant and appellee, appellant having set appellee to work with the elevator, is clearly liable to him for the injuries sustained by the defect proved.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 819. See, also, under (1) 26 Cyc. 1386, 1415; (2) 3 Cyc. 173, 313; (3) 26 Cyc. 1109; (4) 26 Cyc. 1912. As to liability of master to servant injured by elevator, see 56 Am. St. 806. For a discussion of the duty of a master to furnish safe appliances as applicable to a servant sent to work on the premises of a third person, see Ann. Cas. 1913 B 796.