# EVA REAMS v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY.[1]

June 6, 1930.

Nos. 27,987, 28,109.

[1]Reported in 231 N. W. 236.

*Tautges, Wilder & McDonald* and *F. M. Miner,* for appellant.

*F. W. Root, C. O. Newcomb, A. C. Erdall* and *M. B. Webber,* for respondent.

OLSEN, C.

Plaintiff appeals from the judgment of dismissal entered pursuant to an order made by the court on the trial at the close of plaintiff's evidence. There was a motion thereafter made to vacate the order of dismissal but no motion for a new trial.

Louis M. Reams was a conductor on one of defendant's freight trains. On January 8, 1928, the train of which he was in charge came to the station of Yankton in South Dakota. While the train was slowing down at the station and the caboose was moving along the station platform, he went out of the front door of the caboose to step onto the depot platform. After the caboose had passed he was found between the edge of the depot platform and the first rail of the track so injured that he died on January 14, 1928. No witness in the case saw the accident. That decedent left the caboose for some proper purpose of his employment may readily be inferred.

The accident happened about eight o'clock in the morning. There was packed snow and ice between the first rail of the track and the edge of the depot platform and ice extending therefrom onto the platform for a distance varying from a foot to three or four feet. There was rime or hoarfrost on the depot platform and over the ice that morning. The condition of the platform and track on the day after the accident is shown by the photograph in evidence. It is apparent that melting snow had caused water to stand between the rail and the platform and along and upon the edge of the platform, which had frozen and formed ice. The same condition extended between the rails and across the track and adjoining right of way. The icy condition was general on streets and ways at Yankton. There is evidence that the same condition, except as to the hoarfrost, existed the day before. There is no evidence of any

recent rain or snow. From the photograph and evidence the jury might find that the condition had existed for such length of time that the defendant had ample notice thereof and ample time to remove the ice on the platform or render the place reasonably safe by the use of cinders, ashes or sand. Cinders appear to have been placed thereon promptly after the accident. The ice on the platform was a thin layer and practically smooth. The packed snow and ice between the platform and the rail was rough with depressions and ridges therein. The car steps extended to the edge of the platform, and one descending from the car in the ordinary way would step upon the platform and not onto the ice between the platform and the rail. Again, the statement of the decedent, upon which plaintiff relies, was that he slipped on the ice upon the platform. So the condition of the ice outside of the platform is not a factor in the accident.

■ On the issue of negligence the question presented is whether the icy condition of the depot platform, under the circumstances here shown, would sustain a finding by the jury that the defendant was negligent as a matter of fact.

The action is under the federal employers liability act. The decisions of the Federal Supreme Court as to the liability of carriers under that act should be and are followed by this court. That court has tersely stated the applicable rules. In Missouri P. R. Co. v. Aeby, 275 U. S. 426, 429, 48 S. Ct. 177, 179, 72 L. ed. 351, the court said:

"This case is governed by the act and the applicable principles of common law as established and applied in federal courts. There is no liability in the absence of negligence on the part of the carrier. * * * Its duty in respect of the platform did not make petitioner an insurer of respondent's safety; there was no guaranty that the place would be absolutely safe. The measure of duty in such cases is reasonable care having regard to the circumstances. * * * Fault or negligence on the part of the petitioner may not be inferred from the mere fact that respondent fell and was hurt."

In that case plaintiff was the ticket agent at and in charge of the station. During the night snow and rain had fallen and frozen in depressions on the platform. Early in the morning plaintiff, in the performance of her duties, went upon the platform and slipped and fell on the ice so formed. Negligence on the part of the carrier was held not shown.

In Delaware, L. & W. R. Co. v. Koske, 279 U. S. 7, 11, 49 S. Ct. 202, 204, 73 L. ed. 578, the rule is again stated as follows:

"The measure of duty owed by defendant to plaintiff was reasonable or ordinary care having regard to the circumstances."

These and other federal cases show that the test to be applied is whether there was a failure to exercise ordinary or reasonable care on the part of the defendant to keep its depot platform in a reasonably safe condition. There is no conflict between the decisions of this court and those of the Federal Supreme Court on that question. In Gibson v. Iowa Cent. Ry. Co. 115 Minn. 147, 131 N. W. 1057, the law is stated as follows:

"The general rule is that a railway company is not liable to its employes for injuries resulting from climatic conditions, such as snow and ice; but within its yard limits it must exercise a degree of care commensurate with the risks to prevent the accumulation of snow and ice in such quantity, form, and location as to be a menace to the safety of its employes working in its yards."

Whether the railway company was negligent in failing to remove snow from its yard was held a question of fact for the jury in Burdick v. C. & N. W. Ry. Co. 123 Minn. 105, 143 N. W. 115.

In Lundeen v. G. N. Ry. Co. 141 Minn. 180, 183, 169 N. W. 702, 703, the rule is stated that defendant owed to one working in its yard "the duty to exercise ordinary care to keep its premises in such condition that he could perform his duties in reasonable safety."

In Harding v. Railway Transfer Co. 80 Minn. 504, 83 N. W. 395, the employe slipped and fell upon some icy steps upon which it was necessary for him to go in performing his work. The court held

that the jury was justified in finding that the defendant ought to have known of the icy condition of the steps for a sufficient time to have removed the defect, if it had exercised ordinary care.

In Rifley v. M. & St. L. R. Co. 72 Minn. 469, 75 N. W. 704, where a ridge of ice between the rails in the yard had remained in that condition for about a week, it was held a question for the jury as to whether the carrier was negligent.

Numerous other cases have been cited by each party. We do not attempt to analyze all of them. In Hatton v. N. Y. N. H. & H. R. Co. (C. C. A.) 261 F. 667, it was held that ice on the platform did not warrant a finding of negligence unless it was shown that the company knew of the condition and failed, within a reasonable time, to remove same. In C. & N. W. Ry. Co. v. Payne (C. C. A.) 8 F. (2d) 332, it was held that injury from stepping upon a pile of cinders in the yard was not negligence unless it was shown that injury therefrom could reasonably have been anticipated by defendant. In Clark v. Howard (C. C. A.) 88 F. 199, it was held that the duty of the carrier was only to exercise ordinary care in maintaining its depot platform in reasonably safe condition. While the language there used may bear the construction that snow and ice was not such a defect in the platform as to constitute negligence, it is apparent that this statement is made with reference to the facts in the case. There was rain and sleet the evening before. Plaintiff knew the condition. The accident was in the daytime, and plaintiff was walking on the platform for his own convenience. In Fitch v. Central R. Co. 74 N. J. L. 135, 64 A. 992, ice had formed on the platform during the night. Plaintiff knew of the slippery condition. In Kelly v. Manhattan Ry. Co. 112 N. Y. 443, 20 N. E. 383, 3 L. R. A. 74, failure of the company to remove the ice within two hours after it formed was held not negligence. In Proud v. Philadelphia & Reading R. Co. 64 N. J. L. 702, 46 A. 710, 50 L. R. A. 468, it was held that negligence depended on the question of whether the company allowed an unreasonable time to elapse before removing the ice or remedying the condition.

The cases of Fay v. C. St. P. M. & O. R. Co. 72 Minn. 192, 75 N. W. 15, and B. & O. R. Co. v. Groeger, 226 U. S. 521, 45 S. Ct. 169,

69 L. ed. 419, differ on the facts from our present case. We do not find that either case departs from the rule that the carrier owes the duty to his employe to exercise reasonable or ordinary care to keep the premises where the employe is required to work in reasonably safe condition.

■ Upon the record as here presented the issue of defendant's negligence was a question of fact for the jury.

■ Defendant's counsel urge that the evidence was insufficient to show causal connection between the icy and slippery condition of the platform and the injury to Reams, and in that connection ask us to hold that the statement made by him at the hospital, that he slipped on the ice on the platform, was not within the res gestae rule. It may be conceded that without this statement in evidence there would not be sufficient proof of the icy condition of the platform being the proximate cause or any cause of the injury. But the trial court received the evidence of this statement. It is part of the record, and on this appeal by plaintiff we are not in a position to exclude or disregard this evidence. We may say also that there is evidence tending to show that the statement was made immediately after the decedent first regained consciousness after the accident. On the record before us we cannot say that the court erred in receiving this evidence as part of the res gestae. Nor do we hold that this evidence was properly received.

■ It is further claimed that the decedent assumed the risk and for that reason cannot recover. The burden of proof on that issue rests upon the defendant. We cannot say on the present record that as a matter of law the decedent assumed the risk.

We have before us only the evidence presented by the plaintiff. What the evidence may establish on either or all the issues after all evidence is heard is not now to be decided.

Judgment reversed.