HANS T. PETERSON v. G. W. VAN DUSEN & COMPANY.[1]

May 3, 1907.

Nos. 15,134—(75).

**Master and Servant—Vice Principal.**

A. was the chief engineer in charge of a stationary engine. B. was employed as assistant engineer, with instructions to work at night and report to A. for orders. When the plant was not running, B. was to act as night watchman. If repairs were necessary, B. was instructed to report the fact to A., whose duty it was to have the repairs made. B. occasionally made simple repairs himself. The engine became defective, and B. reported the fact to A., who neglected to have the repairs made. As a result B. was injured, and in an action to recover damages, *held*, that A. was a vice principal and not a fellow servant of B., and that B. was entitled to recover damages for the injury occasioned by the failure of A. to make the repairs.

Action in the district court for Yellow Medicine county to recover $5,000 for personal injuries. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.

*J. N. Johnson,* for respondent.

[1] Reported in 111 N. W. 839.

ELLIOTT, J.

This action was brought to recover damages for personal injuries which the respondent suffered by reason of the defective condition of a stationary engine about which he was required to work. This appeal is from an order denying the defendant's motion for judgment notwithstanding the verdict in favor of the plaintiff or for a new trial.

The appellant, G. W. Van Dusen & Co., operates a mill at Canby, Minnesota. On February 28, 1904, the respondent, Peterson, was burned by steam which escaped from a defective pipe. It is not necessary to consider the details of the accident, because it must be conceded that the jury was justified in finding that the machinery was in a defective condition. It is clear that Peterson was entitled to recover damages, unless the negligence which was the cause of his injuries was that of a fellow servant. The mill was operated by a stationary engine, which ran day and night. The chief engineer, Smith, ran the engine during the day, and Peterson · was employed as assistant engineer, with the duty of running the engine during the nighttime. The question is whether Smith was a fellow servant of Peterson or a vice principal. Peterson was employed by Wenzel, who was the manager of the mill.

With reference to the terms of his employment and duties, Peterson on his direct examination said:

> Mr. Wenzel hired me in October, 1902. "My duties should be assistant engineer, working at nights and reporting to Mr. Smith for orders, the chief engineer. * * * When the plant was not running, I should watch nights, and if there was any repairs to be done Mr. Smith was to do it." * * * In case I found any repairs were to be done, I was to report to Mr. Smith.

On cross-examination he said:

> Q. You and Smith, between you, had full charge of this boiler, hadn't you? A. Yes; I guess so. * * * Q. Mr. Wenzel wasn't the engineer, was he? He was the manager of the whole thing? A. Yes. Q. And Mr. Smith and you looked after the engine? And it was your business to find out if there was anything wrong and fix it? A. Yes. Q. * * * Did

you, while running that boiler and engine prior to the accident, fix this engine whenever you were told to do so by. Mr. Smith? A. Yes, sir; I done it as far as my ability went.

While Peterson testified that Smith and he looked after the engine, and it was his business to find out if there was anything wrong and' fix it, this was drawn out on cross-examination, and must be considered in connection with his testimony on direct examination. From the evidence as a whole it is apparent that the chief engineer, Smith, had charge of the engine and was charged with the duty of seeing that it was kept in proper repair. Peterson was a mere assistant, and no duty was imposed upon him by the terms of his employment, other than to report to Smith and follow his instructions. As a matter of course, any person working about an engine would do what came to his hand and was necessary in order to keep the machinery in proper condition. It was the absolute duty of the master to furnish a reasonably safe place for the employee to work, and that duty could not be delegated. Smith, being charged with this absolute duty of the master, represented the master, and was therefore a vice principal, and not a fellow servant. Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696, 42 Am. & Eng. R. Cas. 697, and cases there cited.

The appellant's argument rests upon the assumption that Smith and Peterson were employed for the purpose of running the engine and keeping it in repair. But the evidence shows that Smith was charged with the specific duty of keeping the engine in repair, and Peterson was directed to report defects to Smith. This he did in the present instance, and Smith neglected to make the repair, with the result that Peterson was injured.

The verdict was justified by the evidence, and was not contrary to law. The damages were not so excessive as to appear to have been given under the influence of passion and prejudice, and we find no errors of law for which there should be a reversal. The instructions upon which the appellant assigns error are based upon the theory that Smith was not a fellow servant, and were therefore correct.

The order from which the appeal is taken is affirmed.