OLAUS KJOSNES v. LAFAYETTE M. GRAY.[1]

November 29, 1907.

Nos. 15,457—(151).

**Master and Servant—Question's for Jury.**

> In an action for personal injuries, it is *held* that the questions whether plaintiff assumed the risks incident to his employment and whether he was guilty of contributory negligence were for the jury, and that their verdict is sustained by the evidence.

Action in the district court for Hennepin county to recover $3,000 for personal injuries. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $400. From an order denying his motion for judgment in favor of the defendant notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*H. D. Bailey* and *F. M. Wilson,* for appellant.
*Ludvig Arctander,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant, in which plaintiff had a verdict, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The facts, in brief, are as follows: Defendant, at the time of the accident complained of, was operating a stone quarry at the city of Red Wing, and employed in and about the work a large number of men in blasting and loosening rock, removing the same by means of dump cars, and delivering it to the railway company for use on its roadbed. The quarry was about one hundred fifty feet above the railroad on the side of a bluff from which a dump car track extended down to and alongside the railroad track. The dump cars were seven feet or more in length and about four feet wide, each being provided with what may be called "side boards," fastened at the ends of the cars on braces, so that they could be raised to facilitate loading and un-

[1] Reported in 113 N. W. 1009.

loading. At the time of loading, the sideboard on one side of the car was raised and propped up with a brace, holding it stationary, to enable the employees to throw the stone directly upon the floor of the car, instead of over the board, as they would be required to do if it remained down. Whether the cars were originally designed to be operated in this way is not important, for it appears from the evidence that they were so operated during all the time plaintiff was in defendant's employ and up to the occasion on which he was injured, with the knowledge and sanction of the foreman of the work. The continuous throwing of large and small rock upon the cars jarred the same, and frequently caused the sideboard to fall down, in some instances injuring employees who were about the car at work. To prevent this it was braced or held in position by a six-inch board, about three feet in length, resting underneath the uplifted sideboard and on the floor of the car. But this did not serve the purpose intended. The brace kept slipping out, to the annoyance of the men. To prevent this, iron pegs were driven in either end of the brace; but these failed to prevent the board from dropping down. The sideboard being quite heavy, the pegs were driven or forced into the wood, and were of no value for the purpose intended. The attention of defendant's foreman, who had general charge of the work, was called to the situation, and on the Saturday preceding the accident complained of he directed one of the employees engaged in loading the cars to procure an iron rod from the blacksmith shop, sharpened at each end, to use in place of the board. This also seems to have been inefficient for the purpose intended. It was used on the day procured, and during the time the men were loading the car the sideboard fell down on two occasions, precisely as when the other brace was used. The plaintiff had been at work loading these cars for more than a week prior to the time the iron bar was obtained, but he was not so engaged on the day that it was procured. He returned to his work the following Monday morning, and within half an hour after he had been engaged in assisting to load one of the cars the iron bar slipped out of place, by reason of the jar in loading the car, and the heavy sideboard fell and injured his hand. He was familiar with the construction of the car, the manner of operating it, loading and unloading it, and with the fact that the contrivance there-

tofore used in bracing the sideboard during the time they were load-
ing was insufficient to prevent the same from dropping down or be-
ing jarred loose by throwing stone upon the floor of the car. But
he was not aware of the fact when he returned to his work on Mon-
day, the day of the accident, that the iron bar procured in his ab-
sence was insufficient. He did not know that on two occasions on the
Saturday preceding the sideboard had fallen after the bar had been
adopted and put into service at the suggestion of the foreman.

The testimony brings the case within the familiar principle which
imposes upon the master the obligation to provide his servants with
a reasonably safe place and reasonably safe instrumentalities and ap-
pliances with which to perform their work. It appears clearly from
the evidence that the contrivance adopted by the foreman was in-
sufficient to prevent accidents of the kind happening to plaintiff, and,
being insufficient for that purpose, the jury was justified in finding
that defendant failed in the performance of his obligation to supply
plaintiff with safe instrumentalities with which to perform his work.
The foreman in charge of the work recognized the insufficiency of the
original contrivance, the board, and the iron bar was procured as a
substitute at his suggestion. Notice was therefore brought home to
defendant of the necessity of procuring some sort of an appliance to
remedy .this defect. The court below charged the jury that the act
of the foreman in providing the iron rod was the act of defendant, and
that, if it was not a reasonably safe instrumentality, defendant was
liable for the injury complained of, unless plaintiff was guilty of con-
tributory negligence. This instruction was not excepted to, nor as-
signed as error, and must be taken as expressing the law of the case
and binding upon both parties. As the evidence reasonably tends
to support the conclusion that the defendant was negligent in this
particular, the only question which we are called upon to consider
is whether plaintiff assumed the risks incident to the work, or was
guilty of contributory negligence.

It was contended on the oral argument with much earnestness that
plaintiff not only assumed the risks, but was also guilty of contribu-
tory negligence. It was urged that the situation was open and ap-
parent to him; that he was fully aware of the fact that the sideboard
had been dropping constantly when the cars were being loaded; that,

therefore, he must be held as a matter of law to have assumed whatever risks were incident to the employment; at least, that he was guilty of contributory negligence in not taking proper precautions for his own protection.

We are unable to concur in either contention. It is true that the original contrivance adopted for holding the sideboard in position when loading the car was insufficient for the purpose, to the knowledge of plaintiff; but this fact was also known to defendant and his foreman, for complaint thereof was made by the employees, in response to which the foreman attempted to obviate all further danger by supplying the iron rod. Instead of inducing the employees to remain in the service on the promise that the defect would be remedied in the near future, he proceeded at once to remedy it, but failed; the iron rod procured at his suggestion being of no greater service than the original board. Plaintiff had the right, when he returned to work on Monday morning, to assume that the master had fully performed his duty in this respect. Peterson v. G. W. Van Dusen & Co., 101 Minn. 50, 111 N. W. 839. He had the right to assume that the new device, the iron rod, would serve the purpose intended, and it cannot well be said, as a matter of law, that he either assumed the risks incidental to continuing in the employment with the new contrivance, or that he was guilty of contributory negligence. De Maries v. Jameson, 98 Minn. 453, 108 N. W. 830; Bailey v. Swallow, 98 Minn. 104, 107 N. W. 727. The evidence presented a question of fact for the jury to determine, and their verdict, approved by the learned trial court, must be sustained.

Order affirmed.