(May 29, 1924.)

E. J. ROGERS, Administrator of the Estate of HARRY BARR, Deceased, Respondent, v. JAMES C. DAVIS, Director-General of Railroads and Agent of the President, Appellant.

[228 Pac. 330.]

FEDERAL EMPLOYERS' LIABILITY ACT—ACTION FOR DEATH—INTERSTATE COMMERCE—EMPLOYEE ENGAGED IN—TEMPORARY DEPARTURE FROM POST OF DUTY — EFFECT OF ON EMPLOYER'S DUTY OF CARE — INJURY TO EMPLOYEE WHEN RETURNING TO POST—RAILROAD YARDS—DANGEROUS ACCUMULATION OF SNOW AND ICE—DUTY OF EMPLOYER TO REMOVE — TO WHOM OWED — MITIGATION OF DAMAGES — CONTRIBUTORY NEGLIGENCE—PLEADING—FOR WHOM ACTION MAINTAINABLE — DEPENDENTS UNDER THE ACT — EVIDENCE AS TO OTHER DEPENDENTS—EFFECT OF.

1. Under the federal Employers' Liability Act, U. S. Comp. Stats., secs. 8657–8665, a temporary departure from the place of employment, not materially interfering with the performance of the employee's duty, does not deprive him of his character as an employee, nor absolve the employer from the duty of care toward him as he is returning to his post or place of employment.

2. A railroad company owes a duty to employees whose presence may be reasonably anticipated at any place in its yards to keep such place reasonably clear of dangerous accumulations of snow and ice.

3. Matter in mitigation of general damages need not be pleaded, but is admissible under the general issue.

4. Under the federal Employers' Liability Act, evidence of contributory negligence is admissible in mitigation of damages without pleading.

5. The defense of the general issue and contributory negligence may both be raised under our code.

6. The action under the federal Employers' Liability Act is not maintainable for the benefit of the estate nor for the benefit of dependent members of the family generally but only for the benefit of those expressly mentioned in the act.

7. The action being brought for the benefit of certain members of the family mentioned in the federal Employers' Liability Act, evidence as to other dependents is not admissible.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Ralph W. Adair, Judge.

Action for damages under federal Employers' Liability Act. Judgment for plaintiff. *Reversed.*

George H. Smith, H. B. Thompson and John O. Moran, for Appellant.

A servant may assume the risk of the obvious slippery condition of platforms or other places upon which he is required to work. (*Tuttle v. Detroit G. H. & M. R. Co.,* 122 U. S. 132, 7 Sup. Ct. 1166, 30 L. ed. 1114; *Adkins v Atlantic etc. R. Co.,* 27 S. C. 71, 2 S. E. 849; *Sellers v. Chicago & N. W. R. Co.,* 87 Neb. 322, 127 N. W. 125.)

Where evidence of contributory negligence develops upon the trial, the question should be submitted to the jury, irrespective of pleadings. (*Pittsburgh etc. R. Co. v. Cole,*

260 Fed. 357; *Owl Creek Coal Co. v. Goleb*, 210 Fed. 209, 127 C. C. A. 27.)

Contributory negligence is of the essence of the federal Employers' Liability Act, and the right thereby created is diminished in proportion to the servant's negligence, irrespective of the pleadings. (*Seaboard Air Line R. Co. v. Tilghman*, 237 U. S. 499, 35 Sup. Ct. 653, 59 L. ed. 1069; *Kansas City So. R. Co. v. Jones*, 241 U. S. 181, 36 Sup. Ct. 513, 60 L. ed. 943; *Snyder v. Great Northern Ry. Co.*, 88 Wash. 49, 152 Pac. 703.)

In an action under the federal Employers' Liability Act it is error to admit evidence of dependent relatives except those for whose benefit the action is brought. (*Silver King etc. Co. v. Kendall*, 23 Ariz. 39, 201 Pac. 102; *In re Stone*, 173 N. C. 208, 71 S. E. 852.)

An action under the federal Employers' Liability Act is not maintainable either directly or indirectly for the benefit of the estate, nor for the benefit of dependent members generally. (*Thomas v. Chicago etc. R. Co.*, 202 Fed. 766; *Norfolk & W. R. Co. v. Holbrook*, 235 U. S. 625, 35 Sup. Ct. 143, 59 L. ed. 392.)

Actionable negligence in failing to maintain safe premises does not exist in favor of persons generally, but only to those whose presence the owner is required to anticipate at the place complained of. (20 R. C. L. 47; Shearman & Redfield on Negligence, 6th ed., secs. 6, 10, 188; *Hobbs v. Great Northern Ry. Co.*, 80 Wash. 678, 142 Pac. 20, L. R. A. 1915D, 503; *Garland v. Boston & Maine R. R.*, 76 N. H. 556, Ann. Cas. 1913E, 924, 86 Atl. 141, 46 L. R. A., N. S., 338; *United States Express Co. v. Everest*, 72 Kan. 517, 83 Pac. 817; *Erie R. Co. v. Van Buskirk*, 228 Fed. 489, 143 C. C. A. 71.)

Where a correct instruction relative to the issue is requested, it is error not to give it unless a correct instruction on that subject is given by the court. (*Breshears v. Callender*, 23 Ida. 348, 131 Pac. 14.)

The person who has departed from the service of the master in the performance of private pursuits is not, during

such time, employed in interstate commerce nor entitled to recover under the federal Employers' Liability Act. (*Hobbs v. Great Northern R. Co.*, *supra; Chesapeake & O. Ry. Co. v. Harmon's Admr.*, 173 Ky. 1, Ann. Cas. 1918B, 41, 189 S. W. 1135; *Illinois Cent. Ry. Co. v. Archer*, 113 Miss. 158, 74 So. 135.)

Recovery under the federal Employers' Liability Act for the death of a railway employee while engaged in interstate commerce is limited to compensating those for whom the administrator may rightfully sue, and for the pecuniary loss actually sustained by them. (*Gulf C. & S. F. R. Co. v. McGinnis*, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. ed. 784.)

Such damages should be limited to the present cash value of the future benefits of which the beneficiaries were deprived. (*Chesapeake & O. R. Co. v. Kelly*, 241 U. S. 485, 36 Sup. Ct. 633, 60 L. ed. 1117; *Chesapeake & O. R. Co. v. Gainey*, 241 U. S. 494, 36 Sup. Ct. 633, 60 L. ed. 1124.)

Peterson & Coffin, for Respondent.

It is the duty of the railroad company to keep its yards free from accumulations of ice and snow in such quantities as to be a menace to its employees, and to permit such accumulations is negligence. (4 Thompson on Negligence, sec. 4335; *Sankey v. Chicago R. I. & P. Ry. Co.*, 118 Iowa, 39, 91 N. W. 820; *Rifley v. Minneapolis & St. L. Ry. Co.*, 72 Minn. 469, 75 N. W. 704; *Gibson v. Iowa Central Ry. Co.*, 115 Minn. 147, 131 N. W. 1057; *Cregg v. Chicago & W. M. Ry. Co.*, 91 Mich. 624, 52 N. W. 62; *Lawson v. Truesdale*, 60 Minn. 410, 62 N. W. 546.)

Servant does not assume risk of the negligence of the master. (*Union Pac. Ry. Co. v. O'Brien*, 161 U. S. 451, 16 Sup. Ct. 618, 40 L. ed. 766.)

Where a question of contributory negligence was not presented by either the pleadings or proof, it should not be presented to jury. (*Goure v. Storey*, 17 Ida. 352, 105 Pac. 794; *Thayer v. Denver & R. G. R. R. Co.*, 21 N. M. 330, 154 Pac. 691; 29 Cyc. 583; 5 Am. & Eng. Ency. of Pl. & Pr. 11; *Watkinds v. Southern Pac. Co.* (D. C.), 38 Fed. 711, 4

L. R. A. 239; *Birsch v. Citizens' Elec. Co.,* 36 Mont. 574, 93 Pac. 940; *Benjamin v. Metropolitan etc. R. R. Co.,* 245 Mo. 598, 151 S. W. 91; *Cain v. Winterstein,* 144 Mo. App. 1, 128 S. W. 274; *Felton v. Aubrey,* 74 Fed. 350, 20 C. C. A. 436; *Houston & T. C. R. R. Co. v. Patterson,* 20 Tex. Civ. App. 255, 48 S. W. 747; *Scattergood v. Ingrain,* 86 Ohio St. 76, 98 N. E. 923; *Coffman v. Singh,* 49 Cal. App. 342, 193 Pac. 259; *Colonial Refining Co. v. Lathrop,* 64 Okl. 47, 166 Pac. 747, L. R. A. 1917F, 890; *Cogsdell v. Wilmington & W. R. Co.,* 132 N. C. 852, 44 S. E. 618; *Surman v. Cruse,* 57 Mont. 253, 187 Pac. 890–893.)

Under the federal Employers' Liability Act proper measure of damage in this case is pecuniary loss to parents of the decedent. (*Chesapeake v. Kelly,* 241 U. S. 485, 36 Sup. Ct. 630, 60 L. ed. 1117.)

Temporary departure from place of employment does not deprive interstate employee of character as such. (*North Carolina Ry. Co. v. Zachary,* 232 U. S. 248, Ann. Cas. 1914C, 159, 34 Sup. Ct. 305, 58 L. ed. 591; *Graber v. Duluth S. S. & A. Ry. Co.,* 159 Wis. 414, 150 N. W. 489; *Padget v. Seaboard Airline Ry.,* 99 S. C. 364, 83 S. E. 633; affirmed in 236 U. S. 668, 35 Sup. Ct. 481, 59 L. ed. 777.)

McCARTHY, C. J.—This action is brought under the act of Congress, U. S. Comp. Stats., secs. 8657–8665, commonly known as the federal Employers' Liability Act. On December 30, 1919, Harry L. Barr, a fireman in the employ of the Oregon Short Line Railroad Co., left Pocatello, Idaho, in the performance of his duty, on a freight train moving in interstate commerce. At American Falls, Idaho, there are three railroad tracks, the main line track, closest to the station, and two tracks parallel and immediately south of it. These constitute what may be called a railroad yard, the additional tracks being used for the purpose of switching trains so that they may pass one another. As the train approached American Falls and neared this yard, the engine was detached at a point about one-half mile from the depot, and proceeded to the water-tank near the depot where

water was taken, the fireman Barr performing work in connection therewith. After doing this he left the engine and went across the street to two stores, where he purchased some chocolate, candy and mentholatum. Meanwhile the engineer backed the engine up to where the rest of the train was waiting. It was coupled to the train and started west, the entire operation taking about ten minutes. There is a conflict in the evidence as to which track the train was running on. Respondent alleged in his complaint that it was running on the first track south of the main line track; the jury must have so found; and, in spite of the conflict, there is sufficient evidence to sustain such finding. As the train was approaching the depot, moving at a rate of speed variously estimated by witnesses from six to ten miles per hour, Barr ran across the street from the stores where he had been making his purchases, and upon the railroad tracks, and attempted to board the moving engine. The evidence of eye-witnesses shows that he seized the grab-bar of the engine with his hands and got his feet on the foot rod, when his feet slipped, he lost his grip, and fell between the train and the next track. The specification of negligence in the complaint is as follows: That appellant had negligently permitted large quantities of snow, ice, dirt and debris to accumulate and gather and be thrown in piles in such a way that between the track immediately south of the main line track and the next track paralleling it on the south it had formed a high, slippery hillock or elevation, the top of which was two or three feet above the ground, sloping to the rails. While there is a conflict in the evidence there is sufficient evidence to establish the fact, and the jury must have found, that such a ridge or hummock of snow and ice existed between the tracks, at the point where Barr attempted to board the engine. This was about 100 feet east of the depot. Thirty or forty feet farther west and in front of the depot was a cleared space about thirty feet wide. The evidence shows that, as Barr fell, he faced away from the engine with his back to the train and his feet pointed away from it, that he

began slipping down the ridge of ice which sloped to the rails endeavoring to stop himself with his hands, that he was struck by the projections where the axles go into the oil boxes and whirled around several times, that finally the trucks of one of the cars ran over his legs, severing both of them below the knee. Here, again, there is some conflict in the evidence, but the above version, being the one favorable to respondent and the one which the jury must have accepted, is supported by ample competent evidence. From the injuries so received Barr died on the evening of the same day. In this opinion he will be hereafter referred to as the deceased. He left a father and mother. The action was brought by respondent as administrator of his estate. The verdict of the jury was in favor of the respondent in the amount of $15,000. From the judgment and order denying the motion for a new trial this appeal is taken. The same questions are raised by the two phases of the appeal and they will be considered together.

The principal assignments of error and the only ones which we will specifically notice are as follows: (1) the court erred in denying (a) appellant's motion for nonsuit, (b) appellant's motion for a directed verdict, (c) appellant's requested instruction for a directed verdict. These are grouped together because they all raise the same questions. (2) The court erred in refusing to give appellant's requested instruction No. 4. (3) The court erred in instructing the jury that the deceased was engaged in interstate commerce. (4) The court erred in charging the jury that it should not consider the question of contributory negligence. (5) The court erred in permitting the deceased's father to testify as to what other persons were dependent on the father and in instructing the jury that the action was for the benefit of the estate directly and indirectly for the benefit of the dependent members of deceased's family and that they should fix the damages in such sum as would reasonably compensate the dependent members of the deceased's family.

Assignments of error Nos. 1, 2 and 3 deal with the same evidence, raise the same questions of law, and will therefore be discussed together. Appellant's theory is well summed up in his requested instruction No. 4, the refusal to give which he assigns as error, and which in substance states that, if deceased left his engine for his own purposes and had not at the time of his injury returned to it, the verdict should be in favor of appellant, because appellant would be under no duty to provide him a safe means of access from the place to which he had gone for his own purposes to the engine upon which he was employed.

It is clearly proved that the train was engaged in interstate commerce and the deceased was serving it in the capacity of fireman. Did the fact that he left the engine for a few moments for purposes of his own absolve appellant from any duty to him? Appellant cites us to cases holding that one who has departed from the service of the master in performance of private pursuits is not during such time employed in interstate commerce nor entitled to recover under the federal Employers' Liability Act. (*Hobbs v. Great Northern Ry. Co.,* 80 Wash. 678, 142 Pac. 20, L. R. A. 1915D, 503; *Chesapeake & O. Ry. Co. v. Harmon's Admr.,* 173 Ky. 1, Ann. Cas. 1918B, 41, 189 S. W. 1135; *Illinois Cent. Ry. Co. v. Archer,* 113 Miss. 158, 74 So. 135.) These are all cases in which it clearly appeared that the injured person was not performing any duty in the course of his employment at the time of his injury. It must be remembered, however, that the deceased was trying to board his post of duty, the engine, at the time he was injured. Even if an employee leaves his post of duty for purposes of his own, it does not seem logical or fair to hold that the master is absolved from all duty of care toward him when he is in the act of returning. It has been held that a temporary departure from the place of employment and duty does not of itself deprive the injured party of his character as an employee, nor absolve the employer from the duty of care.

"Again, it is said that because deceased had left his engine and was going to his boarding-house, he was engaged

upon a personal errand, and not upon the carrier's business. Assuming (what is not clear) that the evidence fairly tended to indicate the boarding-house as his destination, it nevertheless also appears that deceased was shortly to depart upon his run, having just prepared his engine for the purpose, and that he had not gone beyond the limits of the railroad yard when he was struck. There is nothing to indicate that this brief visit to the boarding-house was at all out of the ordinary, or was inconsistent with his duty to his employer. It seems to us clear that the man was still 'on duty,' and employed in commerce, notwithstanding his temporary absence from the locomotive engine." (*North Carolina Ry. Co. v. Zachary*, 232 U. S. 248, 260, Ann. Cas. 1914C, 159, 34 Sup. Ct. 305, 309, 58 L. ed. 591, at 596.)

"A further detail of the federal act, as it has been authoritatively construed, is important to this case. Any brief incidental absence from the scene of work or instrumentality used therein, which is not inconsistent with the employee's duty to his employer, does not, necessarily, preclude his efficiently claiming to be still on duty and engaged in interstate commerce. (*North Carolina R. R. Co. v. Zachary, supra.*) Neither the period or nature or continuity of service is changed by such a brief stepping aside from or cessation of activity as that of customarily visiting a wayside place for a lunch, or other legitimate and common means of refreshment, or waiting after one task shall have been done for orders as to the next movement,—the employee all the time being within customary reach for continuance of the day's service and holding himself in readiness to immediately respond." (*Graber v. Duluth, S. S. & A. Ry. Co.*, 159 Wis. 414, 150 N. W. 489.)

See, also, *Padget v. Seaboard Air Line Ry.*, 99 S. C. 364, 83 S. E. 633, affirmed in 236 U. S. 668, 35 Sup. Ct. 481, 59 L. ed. 777. It does not appear from the evidence that the deceased's leaving the engine hindered the movement of the train, or materially interfered with performance of the duties required of him. Then, too, it was certainly his duty to get upon the engine, and therefore in trying to do so he

was in line of his employment. We conclude that the mere fact he left the engine for a few moments for purposes of his own did not absolve appellant from the exercise of reasonable care toward him when he returned.

Of course the further question immediately arises, what and how extensive was that duty of care?

"As we have said, the mere falling of snow or formation of ice is not in itself evidence of negligence on part of the company; but if by reason of the structures or improvements placed upon the yards, or by reason of the method of caring for or maintaining such yard, or by reason of public travel across the same, such snow or ice accumulates in heaps or ridges in places where brakemen are required to go in performing the work required of them, thereby exposing them to danger of slipping beneath the wheels of moving cars, and such obstructions are allowed to remain an unreasonable length of time without effort to remove them, it cannot then be said, as a matter of law, that such company is not negligent." (*Sankey v. Chicago, R. I. & P. Ry. Co.,* 118 Iowa, 39, 91 N. W. 820.)

"The general rule is that a railway company is not liable to its employees for injuries resulting from climatic conditions, such as snow and ice; but within its yard limits it must exercise a degree of care commensurate with the risks to prevent the accumulation of snow or ice in such quantity, form, and location as to be a menace to the safety of its employees working in its yards." (*Gibson v. Iowa Cent. Ry. Co.,* 115 Minn. 147, 131 N. W. 1057.) See, also, *Rifley v. Minneapolis & St. L. R. Co.,* 72 Minn. 469, 75 N. W. 704; *Cregg v. Chicago & W. M. Ry. Co.,* 91 Mich. 624, 52 N. W. 62; *Lawson v. Truesdale,* 60 Minn. 410, 62 N. W. 546.) We approve the doctrine of the cases above cited. There is ample evidence to show that there was a ridge of ice at the point where deceased was injured, the crest of which was considerably above the rails and which sloped to the top of the rails, this being not a natural, but an unnatural, condition, although the exact manner in which the snow was accumulated is not

proved. But appellant cites us to a line of authorities holding that the employer's duty of care pertains only to those whose presence he is required to anticipate at the place complained of. (*Hobbs v. Great Northern Ry. Co., supra; Garland v. Boston & M. R. R.,* 76 N. H. 556, Ann. Cas. 1913E, 924, 86 Atl. 141, 46 L. R. A., N. S., 338; *United States Express Co. v. Everest,* 72 Kan. 517, 83 Pac. 817.) With this rule we are in accord. We think, however, that the question whether it could be reasonably anticipated that trainmen, including firemen, might have occasion to board moving trains at or about the place where deceased was injured was, under the evidence, a question for the jury. For the above reasons we disagree with appellant's contention that it appears from the evidence as a matter of law that appellant owed no duty to the deceased, and conclude that the first three assignments of error are not well taken. Something is said in appellant's brief about assumption of risk. Under the evidence it cannot be contended that the deceased assumed the risk incident to the accumulation of ice in question. (*Union Pac. Ry. Co. v. O'Brien,* 161 U. S. 451, 16 Sup. Ct. 618, 40 L. ed. 766.)

"A risk arising from the master's failure to provide a reasonably safe place and machinery is not an ordinary risk, but an extraordinary one, and is not assumed by the servant unless it is clearly shown that he both knew the facts out of which the risk arose and appreciated the danger." (*Bressan v. Herrick,* 35 Ida. 217, 205 Pac. 555.)

It cannot be said as a matter of law that the evidence clearly shows deceased knew about the ridge of ice and appreciated the danger.

In instruction No. 17 the court charged the jury that if deceased was guilty of negligence directly contributing to his injury, they should consider it in arriving at the amount of the verdict, and reduce the amount of damages. In the next instruction the court charged the jury that in this sort of action contributory negligence is not a defense but can be considered in mitigation of damages only, and that in this case the defendant has not charged the deceased

with contributory negligence, and consequently it is a matter which the jury should not consider. These two instructions are contradictory. Under the evidence a question of fact arises as to whether deceased was guilty of contributory negligence and the court was not justified in taking this matter away from the jury as it did in instruction No. 18. The attempt at justification suggested by the instruction itself and enlarged upon in respondent's brief is that contributory negligence was not pleaded. If contributory negligence were relied upon as an absolute defense or bar we conclude that the answer would not be sufficient. It is not a defense or bar, however, but goes only in mitigation of damages. Matter in mitigation of general damages need never be pleaded, but is admissible under the general issue. It has been specifically held by the United States supreme court that it is not necessary to plead contributory negligence under the Employers' Liability Act, but evidence of it is admissible in mitigation of damages without pleading. (*Kansas City So. Ry. Co. v. Jones,* 241 U. S. 181, 36 Sup. Ct. 513, 60 L. ed. 943.) Respondent also argues that the evidence of contributory negligence was not admissible because appellant denied any negligence on its part and alleged that the injury was caused solely by the negligence of deceased. The point urged is that there can be no contributory negligence without preceding or concurring negligence on the part of the other party. This is true, but not necessarily decisive of the matter. While there is a conflict in the authorities we think the better rule is that under our code the defense of the general issue and of contributory negligence are not so inconsistent that they cannot both be raised. (*Owl Creek Coal Co. v. Goleb,* 210 Fed. 209, 127 C. C. A. 27; *Edlefson v. Portland Ry. etc. Co.,* 69 Or. 18, 136 Pac. 832; *Murphy v. Russell & Co.,* 8 Ida. 133, 67 Pac. 421.) The fact that respondent denied any negligence did not prevent him from showing contributory negligence on the part of plaintiff in mitigation of damages in the event the jury should find against him on the question of negli-

gence.   The giving of instruction No. 18 by the court was
error.

The action under the federal Employers' Liability Act
is not maintainable for the benefit of the estate nor for the
benefit of dependent members of the family generally, but
only for the benefit of those expressly mentioned in the act.
(*Thomas v. Chicago & N. W. Ry. Co.*, 202 Fed. 766; *Silver
King etc. Co. v. Kendall*, 23 Ariz. 39, 201 Pac. 102.   See,
also, many authorities cited in the latter case.)   As deceased
left neither wife nor children, but left a father and mother,
it is perfectly clear under the terms of the act, and is con-
ceded, that recovery could be had only for the benefit of
the father and mother, and not of any other relatives even
though they were dependent.   Yet the court permitted de-
ceased's father, in response to the question what persons
were dependent on him, to mention two daughters, one 12
and the other 19, the latter being in very poor health.   Re-
spondent's counsel admits that no recovery could be had for
the benefit of these two daughters but argues that, in order
to show the amount to which the parents were entitled, it
was permissible to show their necessities, including the fact
that these children were dependent upon them.   While this
argument is ingenious, it amounts to an indirect evasion of
the provisions of the statute.   It clearly contemplates that
recovery should be had in favor of the parents only in such
amount as would cover their pecuniary loss, this depending
upon the amount they would likely have received from
their son for their own support, not for the support of other
members of the family.   The admission of this evidence was
error.   In view of the facts that the evidence showed the
parents had received only about $1,000 from their son in
about three years, and that the verdict was for $15,000, it
is quite apparent that the error was prejudicial, in that the
jury must have considered these dependent children in ar-
riving at the amount of the verdict.

We conclude that the errors of the court mentioned above
in regard to the question of contributory negligence, and
the evidence of other dependent members of the family,

require a reversal of the judgment. Accordingly it is reversed and the action remanded to the trial court, with instructions to grant a new trial in accordance with the views expressed in this opinion. Costs to appellant.

Dunn and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.