(January 25, 1927.)

E. J. ROGERS, Administrator of the Estate of HARRY BARR, Deceased, Respondent, v. ANDREW MELLON, Director General of Railroads and Agent of the President, Appellant.

[258 Pac. 166.]

PLEADING—ACTION BY ADMINISTRATOR—AMENDMENT OF COMPLAINT— ALLEGATION OF SUBSEQUENT APPOINTMENT IN ANOTHER COUNTY— EFFECT — PARTIES — SUBSTITUTION — ADMINISTRATOR PROPERLY APPOINTED AFTER COMMENCEMENT OF ACTION—EFFECT.

1. Plaintiff, who commenced action as administrator appointed by probate court of P. county, by amendment of complaint alleg-

ing that subsequent to commencement of action he sought and received appointment as administrator from probate court of B. county, admitted that deceased died a resident of B. county, thus establishing the nullity of the P. county court's appointment and the incapacity of its appointee to institute the action, as under C. S., sec. 7438, only the court of the county of deceased resident could make the appointment.

2. Action brought by an administrator appointed by a court not having jurisdiction to appoint is a nullity and cannot be given life by injecting therein an administrator appointed by proper court subsequent to commencement of action.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Ralph W. Adair, Judge.

Action for damages. Judgment for plaintiff. *Reversed and remanded with directions to the trial court to dismiss the action.*

Peterson & Coffin, for Respondent, cite no authorities on points decided.

Geo. H. Smith, H. B. Thompson and J. H. McEvers, for Appellant.

Amendments making a complete substitution of parties plaintiff cannot be allowed. (*Hallet v. Larcom*, 5 Ida. 492, 51 Pac. 108; *Vermont Loan & Trust Co. v. McGregor*, 5 Ida. 510, 51 Pac. 104; *Dubbers v. Goux*, 51 Cal. 153; *James v. Davis*, 209 Ala. 87, 95 So. 346; *Clements v. Greenwell*, 40 Mo. App. 589; *Proprietors v. Yellow Jacket Silver Mining Co.*, 4 Nev. 40, 97 Am. Dec. 510; 11 Morr. Min. Rep. 175; *Pelzer v. United Dredging Co.*, 200 App. Div. 646, 193 N. Y. Supp. 676.)

The plaintiff is bound by his pleadings, and the implications of law arising therefrom. (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *Powers v. Security Sav. & Trust Co.*, 38 Ida. 289, 222 Pac. 779; *Harshbarger v. Eby*,

Publisher's Note.

Executors and Administrators, 23 **C. J.**, sec. 34, p. 1010, **n.** 48; 24 **C. J.**, sec. 2114, p. 840, n. 61.

Pleading, 31 **Cyc.**, p. 87, n. 64.

28 Ida. 753, Ann. Cas. 1917C, 753, 156 Pac. 619; *Horn v. Martinho*, 7 Cal. App. 204, 94 Pac. 79; *Nolan v. Barnes*, 268 Ill. 515, 109 N. E. 316; *Benton v. Dumbarton Realty Co.*, 161 Iowa, 600, 143 N. W. 586; *Hayward v. Grant*, 13 Minn. (Gil.) 165, 97 Am. Dec. 228; *Taylor v. Nichols*, 134 App. Div. 783, 119 N. Y. Supp. 919.)

Inconsistent allegations will be disregarded by the courts. They are subject to a motion to strike. (C. S., sec. 6708; *Patrick v. McManus*, 14 Colo. 65, 20 Am. St. 253, 23 Pac. 90; *State ex rel. Engelhard v. Weber*, 96 Minn. 422, 113 Am. St. 630, 105 N. W. 490; *Central of Georgia Ry. Co. v. Lawley*, 33 Ga. App. 375, 126 S. E. 273.)

They are also subject to a demurrer. (*Birmingham Ry., L. & P. Co. v. Nicholas*, 181 Ala. 491, 61 So. 361; *Williams v. Peninsular Grocery Co.*, 73 Fla. 937, 75 So. 517; *Grand Trunk W. R. Co. v. City of South Bend*, 174 Ind. 203, 89 N. E. 885, 91 N. E. 809, 36 L. R. A., N. S., 850; *Louisville Gas & Electric Co. v. Nall*, 178 Ky. 33, 198 S. W. 745; *O'Brien v. St. Louis Transit Co.*, 212 Mo. 59, 110 S. W. 705; Syllabus, *Todd v. Keator*, 177 App. Div. 112, 163 N. Y. Supp. 853.)

Where allegations are in the alternative, and one alternative fails to state a cause of action, they neutralize each other and leave nothing. They are subject to demurrer. (*Knoor v. Reineke*, 38 Ida. 658, 224 Pac. 84; 21 R. C. L., sec. 14, p. 451; *Northern Ala. R. Co. v. Mitchell*, 205 Ala. 448, 88 So. 558; *Anderson v. Minneapolis, St. Paul & S. S. M. R. Co.*, 103 Minn. 224, 114 N. W. 1123, 14 L. R. A., N. S. 886; *Casey Pure Milk Co. v. Booth Fisheries Co.*, 124 Minn. 117, 144 N. W. 450, 51 L. R. A., N. S., 640; *Cohn v. Graber*, 201 App. Div. 264, 194 N. Y. Supp. 233.)

Where a complaint alleges that there are two administrators over the same estate, and endeavors to join them both as parties plaintiff, there is a misjoinder of parties plaintiff and of causes of action. This may be reached by demurrer. (C. S., sec. 6689; *Beane v. Givens*, 5 Ida. 774, 51 Pac. 987; *Baker v. Hanson*, 72 Mont. 22, 231 Pac. 902; *Knepper v. Eggiman*, 177 Ind. 56, 97 N. E. 161; *Cohn v. Ottenheimer*, 13 Or. 220, 10 Pac. 20.)

Also the complaint becomes ambiguous, unintelligible and uncertain, and is subject to demurrer for that reason. (C. S., sec. 6689; *Macurda v. Lewiston Journal Co.*, 104 Me. 554, 72 Atl. 490.)

Where an administrator, holding letters of administration over an estate, goes into another county, petitions and procures letters of administration over the same estate, he assumes two inconsistent impossible positions. He cannot serve two masters, and therefore the law will imply that he abandoned the former office. He is estopped to say that he did not. (*People v. Haas*, 145 Ill. App. 283; *State v. Anderson*, 155 Iowa, 271, 136 N. W. 128; *Dyche v. Davis*, 92 Kan. 971, 142 Pac. 264; *State v. Smith*, 145 N. C. 476, 59 S. E. 649; *Johnson v. Baatz*, 62 Mont. 344, 205 Pac. 212.)

The motion to require plaintiff to elect should have been allowed.

A suitor is not permitted to invoke the aid of the courts upon contradictory principles or theories based upon one and the same set of facts. (*Sunderlin v. Warner*, 42 Ida. 479, 246 Pac. 1.)

T. BAILEY LEE, J.—This is an appeal from a judgment for damages awarded in favor of E. J. Rogers, as administrator of the estate of Harry Barr, deceased, against Andrew Mellon, Director General of Railroads and Agent of the President. The original complaint filed August 27, 1920, alleged that plaintiff was appointed administrator of the estate of the deceased on July 19, 1920, by the probate court of Power county, and that suit was by him instituted and maintained as such administrator.

Subsequently, plaintiff was permitted over defendant's objection to strike from the complaint paragraph 1 reciting such appointment, and amend by substituting therefor the following allegations:

"(1) That on the 19th day of July, 1920, the plaintiff herein was duly appointed administrator of the estate of Harry Barr, deceased, and thereupon, and on the 19th day

of July, 1920, duly qualified by filing bond in the amount required by the probate court of Power county, Idaho, and on said last mentioned date took oath of office, and in all other respects duly qualified as such administrator, and upon the said last mentioned date duly entered upon the discharge of his duties as such administrator, and ever since said time has been, and now is, the duly appointed, qualified and acting administrator of the estate of Harry Barr, deceased; that on or about the 10th day of January, 1925, the probate court of Power county, by reason of the judge of said court feeling himself disqualified, by its order, duly made and entered, transferred the proceedings therein to the probate court of Bannock county, Idaho, and on said last mentioned date transmitted all of the records and files in said cause to the probate court of Bannock county, Idaho, and that the said proceedings are now pending in the said probate court of Bannock county, Idaho; that on or about the 31st day of December, 1924, a petition was duly filed in the probate court of Bannock county, Idaho, praying for the appointment of your petitioner as administrator of the estate of Harry Barr, deceased, for the reason that certain questions had been raised concerning the jurisdiction acquired by the probate court of Power county, Idaho, under the proceedings originally instituted therein as hereinbefore set forth, and such proceedings were had therein that on the 10th day of January, 1925, your petitioner was duly appointed administrator of the estate of Harry Barr, deceased, by the probate court of Bannock county, Idaho, and on the 12th day of January, 1925, he, the said plaintiff herein, duly qualified as such administrator under the appointment of the said probate court of Bannock county, Idaho, by filing his bond in the form required by law and in the sum ordered by the probate court, which said bond was duly approved upon said date, and by taking the usual administrator's oath, all of which is on file in the office of the probate court of Bannock county, Idaho, and that he, the said E. J. Rogers, is the duly appointed, qualified and

acting administrator of the estate of Harry Barr, deceased, holding said office by virtue of the proceedings hereinbefore set forth and under the orders of the said probate court of Bannock county, Idaho; that this action is brought by the said plaintiff as administrator of the estate of the said Harry Barr, deceased, for and on behalf of said estate.''

Defendant moved to strike from the amended complaint all the allegations relative to the appointment of plaintiff by the probate court of Power county on the grounds that it affirmatively appeared therein (1) that at the solicitation and request of the plaintiff and on evidence introduced and supplied by him, the probate court of Bannock county had found and decided that Barr was a resident of Bannock county at the time of his death; that the probate court of Power county had no jurisdiction, and that its order was null and void and that the findings of the probate court of Bannock county were *res adjudicata;* (2) that the plaintiff had abandoned the proceedings taken before the probate court of Power county and had by his action, admissions and pleadings, confessed the invalidity of those proceedings; (3) that it was admitted that the pleadings relative to the appointment made by the Power county probate court were redundant and dead matter, and admitted that the allegations were false and untrue both in law and in fact. This motion was by the court denied, and defendant filed a special petition alleging that the order of the probate court of Power county was void, among other things, for the reason that the court lacked jurisdiction to make the appointment; that the order of the probate court of Power county had been abandoned, its invalidity confessed, and it had been declared null by the probate court of Bannock county at the instance of plaintiff, and by a valid judgment held to be void, and the matter was therefore *res adjudicata;* that the order transferring the matter to the probate court of Bannock county was void; that the allegations in the complaint were inconsistent, and it was impossible that they both were true; that the cause had been

set for trial, and that the defendant would suffer irreparable injury and could not safely proceed to trial unless the question as to which, if either, of the plaintiffs was entitled to maintain the suit, was adjudicated, and praying that the court hear evidence touching upon the allegations of the petition and decide in advance of the trial as to which, if either, of the alleged plaintiffs was entitled to maintain the action.

This petition having been denied, defendant moved that plaintiff be required to elect whether he would rely upon the appointment issued out of the probate court of Power county or that issued out of the probate court of Bannock county. The motion was denied.

Defendant then filed general and special demurrers, the latter averring (1) that it appeared affirmatively from the complaint that the court had never acquired jurisdiction of the defendant; (2) that it appeared affirmatively that the plaintiff named in the original complaint did not possess the capacity to sue; (3) that the complaint showed a defect and misjoinder of parties plaintiff in that it had two plaintiffs with no community of interests and with interests diametrically opposed; (4) that the complaint stated two separate and distinct causes of action, one in favor of the administrator appointed by the probate court of Power county and one in favor of the administrator appointed by the probate court of Bannock county; (5) that the complaint was ambiguous for the reason that it could not be determined whether the plaintiff claimed to prosecute the action by virtue of authority of letters issued in Power county or whether he prosecuted it by virtue of authority of letters issued in Bannock county; (6) that it was uncertain for the same reason; (7) that it was unintelligible for the same reason; (8) that it appeared on the face of the complaint that the action was barred by the provisions of sec. 206 of the Federal "Transportation Act of February 28, 1920," as amended by Act of June 5, 1920, 41 Stat. L. 461, Fed. Stats. Ann. 1920 Supp., 2d ed., p. 77.

Both demurrers were overruled. Defendant then moved to dismiss the action, urging that (1) it appeared on the face of the complaint that the action was brought against the government in its sovereign capacity, without its consent; (2) that it appeared on the face of the complaint that the action was barred by the provisions of sec. 206 of the said Transportation Act; (3) that it appeared on the face of the complaint that no action had ever been regularly instituted, and that the present plaintiff had never been properly made a party to the suit.

The motion was denied; and upon answer joining issue and affirmatively pleading the matters theretofore incorporated in his preliminary pleas and motions, the defendant went to trial. Motions for nonsuit and directed verdict were denied, and verdict was rendered adverse to defendant.

[1] Among the many errors assigned, particular stress is laid upon the court's refusal to sustain defendant's preliminary pleas and motions attacking the amended complaint. The right to institute and maintain this action depended wholly upon the appearance of a plaintiff clothed with legal capacity to sue. Such a plaintiff was declared in the original complaint, and the validity of his appointment was not questioned. However, by amendment, he voluntarily declared that subsequent to the commencement of the suit, he had for jurisdictional considerations sought and received an appointment as administrator from the probate court of Bannock county, thus judicially admitting that the deceased died a resident of that county. Such an admission necessarily establishes the nullity of the Power county court's appointment and the legal incapacity of its appointee to institute the original action. In fact, plaintiff's invocation of the Bannock county court's jurisdiction, and his adoption of its findings essential to the acquirement of such jurisdiction estop him from claiming any authority under the Power county court's proceedings. The Power county court's appointment cannot be validated by any act of the probate court of Bannock county. Conversely, no act of

the probate court of Power county can aid or assist the Bannock county court in acquiring jurisdiction to make an appointment. The jurisdiction of either derives from facts absolutely contradistinct. If facts existed vesting the Power county court with jurisdiction to appoint, the facts requisite to a conference of jurisdiction upon the Bannock county court could never exist. (C. S., sec. 7438.) And plaintiff has seen fit to depart an apparent jurisdiction, and by his acts and declarations establish an actual jurisdiction elsewhere. In other words, he has retracted his former position and fixed the residence of the deceased at the time of his death in Bannock county, the only county whose probate court could qualify plaintiff to maintain this action.

[2] The suit at bar was therefore brought without authority or sanction in law, and is a mere nullity. It cannot be given life by injecting therein, through amendment or otherwise, a subsequently qualified plaintiff whose legal entity at the commencement of the action was nonexistent. (*Lusk's Admrs.* v. *Kimball,* 87 Fed. 545.)

The judgment is reversed and remanded, with directions to the trial court to dismiss the action. Costs to appellants.

Budge and Taylor, JJ., concur.

GIVENS, J., Dissenting.—This case was formerly before this court and judgment for respondent was reversed. (*Rogers v. Davis,* 39 Ida. 209, 228 Pac. 330.)

Assignments of error 1 to 14, inclusive, and 21, are based largely upon the issues involved in *In re Barr, ante,* p. 400, 252 Pac. 676, also before this court, decided January 6, 1927. From the conclusion reached in that case it appears that for the purposes of this action E. J. Rogers was a duly and legally' acting administrator of the estate of Harry Barr, and whose appointment by the probate court of Power county because of lapse of time had become final and not subject to question. It was an irregularity for E. J. Rogers, as administrator of the estate of Harry Barr, deceased, under appointment by the probate court of Bannock county, to

be added as a party plaintiff and appellant assigns as error
the refusal of the trial court to decide, preliminary to the
trial of the case, which appointment, if either, of the two
probate courts was valid, and also assigns as error the
giving of instruction number 7, which was to the effect
that Rogers was the duly appointed, qualified and acting
administrator of the estate of Harry Barr and that said
action was commenced within the statute of limitations.
Appellant's position in this matter is inconsistent. It was
immaterial, so far as the jury was concerned, whether the
administrator was appointed by the probate court of Power
county or Bannock county, and if appellant was correct
in urging that the trial court should have, preceding the
trial, decided which was the valid appointment, the ques-
tion involved in that phase of the controversy was one of
law, and since before the conclusion of the trial the jury
was instructed that the plaintiff had lawful authority to
bring the action, we do not see how appellant was preju-
diced since it appears that the same defense could have
been and was interposed irrespective of which appointment
was valid.

The probate judge of Power county, if he was dis-
qualified from any cause to further act in the proceedings,
had the right under C. S., sec. 7541, to transfer the action
to the probate court of Bannock county. There is no show-
ing of prejudice to appellant because of the further pro-
ceedings in the probate court of Bannock County nor were
they necessarily inconsistent with the proceedings in Power
county, since at the time of the transfer the probate court
of Power county had jurisdiction of the subject matter.
The allegations of the complaint setting up the appointment
of two administrators, in view of our conclusion in *In re
Barr, supra,* were surplusage since there was in fact but
one administrator and one cause of action involved in the
entire controversy. The present suit is a bar to any further
suit involving a claim for the wrongful death of the de-
ceased and there is no showing of how appellant was in

any way prejudiced by this phase of the situation. There was one party plaintiff necessary to the prosecution of this case, namely, E. J. Rogers, administrator of the estate of Harry Barr, deceased, and one cause of action. This necessary party was before the lower court and this cause of action, and this only, was tried by the court and jury.

There is no material difference in the evidence introduced in this case and that in the former appeal, wherein this court passed upon the sufficiency of the evidence adversely to appellant's contention. That decision is of course binding upon this court and the judgment should be affirmed.

I am authorized to say that Wm. E. Lee, C. J., joins me in this dissent.

(July 23, 1927.)

ON REHEARING.

T. BAILEY LEE, J.—On March 5, 1927, a petition for rehearing was granted, and thereafter reargument was had and the case again submitted. We have carefully re-examined the record and adhere to the original opinion.

Budge and Taylor, JJ., concur.

Wm. E. Lee, C. J., and Givens, J., dissent.